2005-NMSC-035

121 P.3d 1040

STATE of New Mexico, Plaintiff–
Petitioner,

v.

Danielle HEINSEN, Defendant–
Respondent.

State of New Mexico, Plaintiff–
Petitioner,

v.

Rene Maese, Defendant–Respondent.

Nos. 28,820, 28,821.

Supreme Court of New Mexico.

Sept. 9, 2005.

**OPINION**

MINZNER, Justice.

{1}  This consolidated appeal challenges a ruling by the Court of Appeals that the State has no right to appeal from a suppression order of a magistrate court and that the district court has no subject matter jurisdiction to hear such an appeal. *State v. Heinsen,* 2004–NMCA–110, ¶¶ 1, 27, 136 N.M. 295, 97 P.3d 627.  We granted certiorari because the State's appeals present issues of substantial public interest concerning the jurisdiction of the district court over such appeals under the doctrine of practical finality and the impact of the ruling on judicial resources.  *See* Rule 12–502(C)(4)(d) NMRA 2005.  We hold that there is no constitutional or statutory basis for an appeal by the State from a suppression order of a magistrate court.  We also hold the practical finality exception to the final judgment rule is not applicable, because the State may obtain judicial review of such a suppression order by filing a nolle prosequi to dismiss some or all of the charges in the magistrate court after the suppression order is entered and refiling in the district court for a trial de novo. Finally, we conclude that the State's purpose of preserving a right to challenge an order suppressing evidence that is material to the proceeding is a legitimate reason for filing a nolle prosequi and subsequently refiling. Therefore, we hold that the six-month rule, *see* Rule 5–604 NMRA 2005, ordinarily would run from the date of arraignment or the waiver of arraignment on the new indictment or information.  *See* Rule 5–604(B) (listing the events from which the six-month period for trial is calculated).  Accordingly, we affirm the Court of Appeals.

**I**

{2}  Defendant Heinsen was charged on March 13, 2002 by amended complaint with aggravated driving while under the influence, contrary to NMSA 1978, § 66–8–102(D)(1) (1999, prior to subsequent amendment), and two traffic offenses in the Dona Ana County Magistrate Court.  *Heinsen,* 2004–NMCA–110, ¶ 2, 136 N.M. 295, 97 P.3d 627. On June 27, she filed a motion to exclude evidence of the breath test taken on the night of her

Patricia A. Madrid, Attorney General, Ann M. Harvey, Assistant Attorney General, Martha Anne Kelly, Assistant Attorney General, Santa Fe, for Petitioners.

Eaves, Bardacke, Baugh, Kierst & Larson, P.A., Kerry C. Kiernan, Albuquerque, for Respondent Heinsen.

Mario A. Esparza Law Office, Mario A. Esparza, Las Cruces, for Respondent Maese.

arrest. The magistrate entered an order suppressing the breath test results on July 16. The State appealed the order to the district court, which set the matter for trial de novo pursuant to Rule 6–703(J) NMRA 2005. Under Rule 6–703, the district court must try a de novo appeal within six months. Rule 6–703(L). That time period may be extended "one time for a period not exceeding ninety (90) days." Rule 6–703(M). If not timely tried, the appeal must be dismissed. Rule 6–703(L). Heinsen filed a motion to quash the appeal on the ground that a suppression order is not a final, appealable order as required by Rule 6–703(A). The district court granted the motion on November 20 and remanded the case for a trial on the merits in magistrate court. The State appealed that ruling to the Court of Appeals.

{3} On November 21, 2000, Defendant Maese was charged in the Dona Ana County Magistrate Court by criminal complaint with driving while under the influence, contrary to Section 66–8–102(C), and a traffic offense. On December 20 he filed a motion to suppress all evidence resulting from the traffic stop, in which he argued that the officer lacked reasonable suspicion for the stop. According to the record, a hearing on the motion was held on June 1, 2001, but the magistrate judge did not enter the suppression order until August 28. The State appealed the suppression order to the district court on June 6. Neither party raised an issue concerning jurisdiction. The district court held a suppression hearing and entered an order on November 20 denying the motion and remanding for trial on the merits. Maese appealed the district court's order to the Court of Appeals, which proposed summary dismissal for lack of finality. See NMSA 1978, § 39–3–3(A)(1) (1972). Summary disposition was unopposed, and the court dismissed the appeal by Memorandum Opinion. Mandate issued on June 6, 2002, and the district court entered judgment on the mandate and remanded the case to magistrate court on June 28. Maese entered a conditional plea reserving his right to appeal the district court's order denying his motion to suppress, judgment and sentence was entered on his plea, and he again appealed to the Court of Appeals.

{4} The Court of Appeals consolidated the two appeals. Heinsen, 2004–NMCA–110, ¶ 1, 136 N.M. 295, 97 P.3d 627. It held the district court lacked jurisdiction to consider either appeal because the suppression orders were not final orders in either an actual or practical sense, and there was no dispositive jurisdictional issue that justified an exception to the final judgment rule. Id. ¶¶ 1, 12–13. The court reasoned that our state constitution and statutes limit the district court's jurisdiction to appeals from final orders by the magistrate court. Id. ¶¶ 15–16. It observed that a suppression order is an interlocutory, non-final order. Id. ¶ 19. It also determined that the suppression orders in these cases were not final orders under the doctrine of practical finality, since neither order disposed of the merits and no dismissal had been filed. Id. ¶¶ 20–25. The court further held the State had not presented a compelling reason to recognize an exception to the final judgment rule. Id. ¶ 26.

{5} On appeal to this Court, the State contends that the Court of Appeals erred in dismissing both cases for lack of jurisdiction, because the opinion deprives the State of its constitutional right to one appeal. The State appears to argue that it is entitled to appeal the magistrate court orders because there are two distinct exceptions to the final judgment rule. One would arise from the State's constitutional right to appeal and the other would be an exception for an order that is, as a practical matter, final. The State argues that, as a party aggrieved by a ruling contrary to law, it has a right to appeal a magistrate court's suppression order under Article VI, Section 2 of the New Mexico Constitution and NMSA 1978, Section 35–13–1 (1975). The State also argues that these appeals involve issues that will otherwise evade review and should be viewed as final in fact, even if they are not final in form. According to the State, the correct procedure for these appeals is by trial de novo in the district court pursuant to Rule 6–703(J), although the State appears to favor the procedure followed by the district court in ruling on Maese's motion to suppress: a de novo suppression hearing and remand for trial. For the following reasons, we believe the

Court of Appeals correctly rejected the State's argument. We recognize the State's concerns about unnecessary delay and the effect of delay on resources, but we are persuaded our current court rules address those concerns appropriately.

## II

{6} This Court has authority to review the subject matter jurisdiction of the district court, and we have jurisdiction over these appeals, notwithstanding the fact that the jurisdictional issue was not raised by Maese or the State in district court. *Wilson v. Denver,* 1998–NMSC–016, ¶ 8, 125 N.M. 308, 961 P.2d 153. We review jurisdictional issues and the legal issues raised in this appeal under a de novo standard of review. *See Tri-State Generation & Transmission Ass'n v. King,* 2003–NMSC–029, ¶ 4, 134 N.M. 467, 78 P.3d 1226. Since it appears to us that the heart of the State's argument is that it has a right of appeal pursuant to Article VI, Section 2 of the New Mexico Constitution and Section 35–13–1, which the Court of Appeals' opinion fails to recognize, we address that issue first. We then discuss whether the doctrine of practical finality gives the State the right to appeal a magistrate court's suppression order. Because we conclude that it does not, in the last section of this opinion we address how the State may obtain judicial review of the orders without offending the six-month rule. *See* Rule 5–604.

### A

{7} The State's right to appeal an adverse ruling in a criminal proceeding exists only by constitutional provision, statute, or rule. *State v. Giraudo,* 99 N.M. 634, 636, 661 P.2d 1333, 1335 (Ct.App.1983). Article VI, Section 27 of the New Mexico Constitution limits the district court's appellate jurisdic-

tion over courts of limited jurisdiction to appeals from final orders. *Smith v. Love,* 101 N.M. 355, 356, 683 P.2d 37, 38 (1984). Section 35–13–1 authorizes appeals from a final order issued by the magistrate court. All such appeals are on the merits by trial de novo except as otherwise provided by law. *See* art. VI, § 27; NMSA 1978, § 39–3–1 (1955); Rule 6–703(J).[1]

{8} Section 39–3–3(B) recognizes the State's right to appeal from final orders of the district court and provides a right to appeal a district court's suppression order. *State v. Alvarez,* 113 N.M. 82, 84, 823 P.2d 324, 326 (Ct.App.1991). There is no constitutional provision, statute, or rule that explicitly gives the State the right to immediately appeal a suppression order by the magistrate court. *Cf. Giraudo,* 99 N.M. at 636, 661 P.2d at 1335. "[T]o allow an interlocutory appeal of an order of suppression from the magistrate court would impermissibly expand the appellate jurisdiction of the district court to hear matters beyond those currently allowed by the statutes and rules." *Heinsen,* 2004–NMCA–110, ¶ 14, 136 N.M. 295, 97 P.3d 627. Thus, the district court has jurisdiction over such appeals only if an exception to the final judgment rule applies. One exception might arise by implication from the New Mexico Constitution or from statutes implementing the constitution.

{9} Article VI, Section 2 of the New Mexico Constitution provides "that an aggrieved party shall have an absolute right to one appeal." This provision gives the State an absolute, constitutional right to appeal a ruling that is contrary to law. *See State v. Doe,* 95 N.M. 90, 92, 619 P.2d 194, 196 (Ct.App.1980), *superseded on other grounds by statute as recognized in State v. Michael R,* 107 N.M. 794, 765 P.2d 767 (Ct. App.1988). While the State does not have an

1. We recognize, however, that an appeal from the metropolitan court to the district court is not always de novo. NMSA 1978, § 34–8A–6(C) (1993) provides "[t]he metropolitan court is a court of record for criminal actions involving driving while under the influence of intoxicating liquors or drugs or involving domestic violence." Rule 7–703(J) NMRA 2005 provides that "[e]xcept as otherwise provided by law for appeals involving driving while under the influence and domestic violence offenses, trials upon appeals from the metropolitan court to the district court shall be de novo." Therefore, when the criminal action in metropolitan court involves driving while intoxicated or domestic violence charges, aggrieved parties "may only take an on record appeal to the district court." *State v. Krause,* 1998–NMCA–013, ¶ 5, 124 N.M. 415, 951 P.2d 1076.

absolute right to appeal every adverse ruling immediately, appellate courts have jurisdiction to review a ruling pursuant to this provision when the ruling affects a particularly important state interest. *See State v. Aguilar,* 95 N.M. 578, 579, 624 P.2d 520, 521 (1981); *State v. Ahasteen,* 1998–NMCA–158, ¶ 19, 126 N.M. 238, 968 P.2d 328; *State v. Armijo,* 118 N.M. 802, 805–06, 887 P.2d 1269, 1272–73 (Ct.App.1994). The Court of Appeals concluded that preserving the right to present evidence is not a compelling reason to recognize a constitutional right to appeal on these facts. *Heinsen,* 2004–NMCA–110, ¶ 26, 136 N.M. 295, 97 P.3d 627. We disagree with this assessment of the State's interest, but we agree that the State has no right to appeal in these circumstances.

{10} The suppression orders in these appeals do interfere with the State's strong interest in enforcing its statutes. *See Aguilar,* 95 N.M. at 579, 624 P.2d at 521. They also interfere with the wide latitude afforded the State in exercising its good-faith charging discretion. *Ahasteen,* 1998–NMCA–158, ¶ 20, 126 N.M. 238, 968 P.2d 328. Nevertheless, we conclude that Article VI, Section 2 does not support the State's argument in this consolidated appeal. The constitutional provision on which the State relies specifically applies to appeals from the district court rather than from courts of limited jurisdiction. *See Giraudo,* 99 N.M. at 636, 661 P.2d at 1335.

{11} Section 35–13–1 provides that *[a]ny party aggrieved* by any judgment rendered or final order issued by the magistrate court *in any civil action* or special statutory provision, *or the defendant* aggrieved by any judgment rendered or final order issued by the magistrate court *in any criminal action,* may appeal to the district court within fifteen days after judgment is rendered or the final order is issued in the magistrate court. (Emphasis added.) The right of appeal conferred by this statute in a criminal action is limited to the defendant who is aggrieved by a judgment or final order of the magistrate court. *Cf. Giraudo,* 99 N.M. at 636, 661 P.2d at 1335 (holding the state is not a "person" for purposes of NMSA 1978, Section 34–8A–

6(C) (1981), which entitled "any person" to appeal a judgment by the metropolitan court in a criminal action). In light of the foregoing, we conclude that Article VI, Section 2 and Section 35–13–1 do not give the State the right to appeal a magistrate court's suppression order, because such an order is not a final judgment or order.

{12} As the Court of Appeals observed, *Heinsen,* 2004–NMCA–110, ¶ 19, 136 N.M. 295, 97 P.3d 627, New Mexico has traditionally viewed suppression orders as interlocutory rulings on evidentiary matters, rather than final, appealable orders. *Alvarez,* 113 N.M. at 83–84, 823 P.2d at 325–26; *Giraudo,* 99 N.M. at 636, 661 P.2d at 1335; *State v. Garcia,* 91 N.M. 131, 571 P.2d 123 (Ct.App.1977). A suppression order is "purely and simply a ruling on the legality of defendant's arrest and the consequent admissibility *vel non* of the prosecution's evidence." *County of Los Alamos v. Tapia,* 109 N.M. 736, 739, 790 P.2d 1017, 1020 (1990). For this reason, an appeal of a suppression order has been held to be a statutory right, rather than a constitutional right. *Alvarez,* 113 N.M. at 85, 823 P.2d at 327. The only statute authorizing an appeal of a suppression order is Section 39–3–3(B)(2), which authorizes appeals from district court rulings. Thus, we agree with the Court of Appeals that there is no constitutional provision, statute, or rule that gives the State the right to appeal an order suppressing evidence by a magistrate court. *Heinsen,* 2004–NMCA–110, ¶ 19, 136 N.M. 295, 97 P.3d 627.

**B**

{13} The State observes that *Alvarez, Giraudo,* and *Garcia* did not consider the practical effect of the suppression orders that were at issue in those appeals. We recognize that a magistrate court order suppressing evidence may not conclude all proceedings but as a practical matter may resolve some portion of a case. *Cf. Alvarez,* 113 N.M. at 84, 823 P.2d at 326 (acknowledging that in many cases the State will have the option to continue prosecution even after a ruling suppressing evidence because the evidence suppressed may relate to one or more but not all

of the charges). If the doctrine of practical finality applies, the suppression appeal would be elevated to constitutional status, not as an interlocutory appeal, but as an appeal from a final judgment, and an appeal to the district court for a trial de novo would be required. We are unaware of any case, however, in which the practical finality exception has been applied to rulings rendered by a court of limited jurisdiction. Thus, the threshold issue for us, which the ruling of the Court of Appeals did not resolve, is whether practical finality ought to apply to a suppression order issued by the magistrate court.

{14} As a general rule, an order or judgment is not considered final unless it resolves all of the factual and legal issues before the court and completely disposes of the case. *Kelly Inn, No. 102, Inc. v. Kapnison,* 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992); *Ahasteen,* 1998–NMCA–158, ¶ 10, 126 N.M. 238, 968 P.2d 328. The purpose of finality is to prevent piecemeal appeals or appeals of issues that may be moot after further proceedings in the lower court. *See High Ridge Hinkle Joint Venture v. City of Albuquerque,* 119 N.M. 29, 34, 888 P.2d 475, 480 (Ct.App.1994), *rev'd on other grounds, High Ridge Hinkle Joint Venture v. City of Albuquerque,* 1998–NMSC–050, 126 N.M. 413, 970 P.2d 599; *In re Larry K,* 1999–NMCA–078, ¶ 4, 127 N.M. 461, 982 P.2d 1060. The practical finality exception recognizes that the rule of finality is not an " 'absolute, inflexible rule,' " but a term that is to be given a " 'practical, rather than a technical, construction.' " *Ahasteen,* 1998–NMCA–158, ¶ 10, 126 N.M. 238, 968 P.2d 328 (quoting *Kelly Inn,* 113 N.M. at 236, 824 P.2d at 1038). To determine if the doctrine applies, we "look to the substance and effect of an order and not to its form." *Ahasteen,* 1998–NMCA–158, ¶ 10, 126 N.M. 238, 968 P.2d 328.

{15} In considering whether the doctrine applies to magistrate suppression orders, however, we are mindful that practical finality is the exception, rather than the

rule. To justify this exception, we have applied it cautiously, in limited circumstances. *See State v. Griego,* 2004–NMCA–107, ¶¶ 9, 18, 136 N.M. 272, 96 P.3d 1192; *In re Larry K,* 1999–NMCA–078, ¶ 11, 127 N.M. 461, 982 P.2d 1060. We will review a court's decision when an order effectively disposes of the issues in a case, even though supplementary proceedings are necessary to enforce the order. *Kelly Inn,* 113 N.M. at 236, 824 P.2d at 1038. The doctrine also has been extended to cases where, " 'as a practical matter,' " the issue raised on appeal will not be available for review if the state is deprived of an immediate appeal. *Ahasteen,* 1998–NMCA–158, ¶ 12, 126 N.M. 238, 968 P.2d 328 (quoting *High Ridge,* 119 N.M. at 34, 888 P.2d at 480).

{16} The State argues that the prosecution of Maese effectively ended when the magistrate court suppressed all of the evidence arising from the traffic stop. The Court of Appeals held the case did not fall under the doctrine of practical finality, because the charge had not yet been dismissed. *Heinsen,* 2004–NMCA–110, ¶ 24, 136 N.M. 295, 97 P.3d 627. In the prosecution of Heinsen, the State argues it had no means to prove aggravated DWI without the blood test evidence that was suppressed and that the suppression order should be treated as a dismissal of the charge of aggravated DWI. The Court of Appeals held the order was not final in the practical sense, in part because the State could still proceed on a lesser DWI charge. *Id.* ¶ 21. Although the State concedes that it could have pursued a lesser DWI charge and the other traffic offenses, it contends that it ought not be forced to abandon a valid, serious charge without judicial review of the decision that made that necessary.

{17} The State's argument has force. *See Ahasteen,* 1998–NMCA–158, ¶ 13, 126 N.M. 238, 968 P.2d 328. If on remand the State simply dismisses the charges against Maese, there will be nothing left to appeal. *Id.*[2] Double jeopardy will bar review of the

**2.** If Maese had moved to dismiss the charges when the district court granted her motion suppressing all of the evidence, there would have been a final, appealable order, and it does not appear that the State would be barred from a second prosecution. *See County of Los Alamos,* 109 N.M. at 743–44, 790 P.2d at 1024–25 (holding that a remand does not violate double jeopar-

suppression order if Heinsen is acquitted on remand, or the issue will become moot on appeal to the district court if she is convicted.[3] *Id.; cf. Krause,* 1998–NMCA–013, ¶ 7, 124 N.M. 415, 951 P.2d 1076 ("We believe that the statute and rules intend the appeal [from metropolitan court to district court] to be governed by the crime of which defendants are convicted rather than the type of trial in metropolitan court."). Nevertheless, we are not persuaded that the doctrine of practical finality ought to be expanded to include evidentiary orders issued by courts of limited jurisdiction.

{18} First, the State has not provided authority for us to do so. Our review indicates that the doctrine has had limited application in appeals from the district court. For example, in *Ahasteen,* the State charged the defendant with DWI in magistrate court. 1998–NMCA–158, ¶ 2, 126 N.M. 238, 968 P.2d 328. After the defendant moved to suppress evidence gathered as a result of an allegedly illegal roadblock, the State dismissed the case without prejudice and refiled the same charge in the district court. *Id.* The defendant filed a motion for remand to the magistrate court on grounds that the dismissal in magistrate court and refiling in district court was forum shopping. *Id.* ¶¶ 3–6. The district court granted the motion, without explanation, and the State appealed. *Id.* ¶ 6. While the Court of Appeals acknowledged that remand orders are not usually considered final appealable orders, it found jurisdiction to review that particular order under the doctrine of practical finality. *Id.* ¶¶ 11–13. The court reasoned that the issue on appeal might evade review if remand were to result in a judgment of acquittal or be deemed moot or harmless on appeal, even if the defendant were convicted. *Id.* ¶ 13. In addition, "once the nolle prosequi was filed," the magistrate court's jurisdiction ended, and the remand order "operated as a dismissal of the district court charges." *Id.* ¶ 17.

{19} More recently, the doctrine was applied to a consolidated appeal from petitions for writs of mandamus. *Collado v. N.M. Motor Veh. Div.,* 2005–NMCA–056, 137 N.M. 442, 112 P.3d 303. In *Collado,* MVD challenged the district court's jurisdiction to withdraw the defendants' pleas and remand the cases to metropolitan court since the mandamus petitions were not verified or properly served. *Id.* ¶ 8. The court held the district court's order was sufficiently final to hear the appeal because defendants might be acquitted, enter a conditional plea, or receive a deferred sentence on remand, which would prevent MVD from appealing the procedural issues. *Id.* ¶ 6.

{20} Although the issues the State wants to raise in challenging the suppression orders might evade review if the State were to proceed with the prosecution in magistrate court, the cases on which the State relies are distinguishable. In *Ahasteen,* original jurisdiction was in the district court after the State dismissed the magistrate court case and refiled it in the district court; therefore on appeal the State was challenging a district court order. The State had an absolute right to appeal that court's order by virtue of Article VI, Section 2, because the remand order acted as a dismissal of the case; the magistrate court's jurisdiction had terminated when the nolle prosequi was filed. In *Collado,* defendants filed a mandamus petition to invoke the district court's jurisdiction, which the law expressly permits, and the State challenged the district court's jurisdiction due to certain procedural inadequacies in the writ. In contrast, it is significant that in these appeals the magistrate court had retained its jurisdiction. The State is attempting to invoke the district court's jurisdiction to review the magistrate court's order, and there is no comparable constitutional provision, statute, or rule that gives the district court jurisdiction over the appeals. Although the cases on which the State relies

___

dy when the State appeals from a district court order suppressing all evidence in a defendant's favor, the State is not responsible for the error, and does not seek a dismissal of the charges, because the defendant's interests against retrial carry less weight than society's interest in the correct application of the law).

3. The suppression issue would be moot because the defendant would be appealing a conviction on the lesser included offense on the basis of the remaining evidence.

illustrate application of the doctrine of practical finality on particular facts, they do not support expansion of the doctrine to magistrate court suppression orders.

{21} Application of the doctrine of practical finality in the context of district court orders that evade review makes sense in light of the State's constitutional right to appeal a district court ruling that affects a significant state interest, as provided by Article VI, Section 2, as well as its statutory right to appeal a district court order suppressing material evidence that would result in a dismissal of one or more charges under Section 39–3–3(B)(2). The legislature in effect has codified the doctrine of practical finality for suppression orders in recognition of the constitutional right to appeal a district court order affecting an important state right. *See Alvarez,* 113 N.M. at 84, 823 P.2d at 326 (indicating an interlocutory appeal is not a codification of a constitutional right to one appeal, but rather a statutory right which the legislature provided in recognition of the right of appeal under Article VI, Section 2). There is no comparable constitutional or statutory authority that justifies the doctrine of practical finality in the context of magistrate court orders. Absent a firm basis in the law, this Court ought not enlarge the State's substantive right of appeal. *See State v. Arnold,* 51 N.M. 311, 314, 183 P.2d 845, 846 (1947) (recognizing that the right to appeal is "outside the province of this court's rule making power"). Our magistrate court rules reflect this principle. *See* Rule 6–101(C) NMRA 2005 (providing that the magistrate court rules "shall not be construed to extend or limit the jurisdiction of any court, or to abridge, enlarge or modify the substantive rights of any litigant").

{22} We conclude that our state constitution and our court rules as well as the policy underlying the finality rule counsel against expanding the doctrine of practical finality to permit an immediate appeal of a magistrate court ruling suppressing evidence. Expanding the doctrine to permit appeal of such orders seems neither supported by our cases nor necessary to protect the State's interests. We cannot create a right of appeal. The State's concerns about delay and limited resources, however, are genuine, and we address those concerns in the section that follows.

## C

{23} At any time prior to trial, the State may dismiss a case without prejudice by filing a nolle prosequi. Rule 6–506A(A) NMRA 2005. Because the district court has concurrent original jurisdiction over misdemeanor cases, *see* N.M. Const., Art. VI, § 13, and the defendant has no right to have the case heard in magistrate court, the State has broad discretion to reinstate charges in the district court by filing an indictment or information. *See generally Ahasteen,* 1998–NMCA–158, 126 N.M. 238, 968 P.2d 328 (indicating that the district court has jurisdiction over a misdemeanor case when the state has a legitimate reason for filing a nolle prosequi to dismiss the case in magistrate court and refiling the same charges in the district court). Once jurisdiction lies in the district court, the State can obtain full judicial review of a suppression order. *See* § 39–3–3(B)(2).

{24} The State has expressed a concern that dismissal in magistrate court and a subsequent refiling of the same charges in district court is not an adequate solution because, for example, a defendant might claim the six-month rule did not begin to run from the date the charges were refiled. In the absence of a right to appeal these orders, the State predicts it will be forced to file an increasingly large number of misdemeanor and petty misdemeanor charges in district court. We appreciate the State's concern, but we disagree with its assessment.

{25} The district court's concurrent jurisdiction facilitates the State's ability to obtain relief in district court in a manner consistent with the constitution, the statutes, and our rules. New Mexico has long recognized that the State has wide discretion to dismiss a criminal case in magistrate court by filing a nolle prosequi and reinstating charges in district court. *See State ex rel. Naramore v. Hensley,* 53 N.M. 308, 310–11, 207 P.2d 529, 530–31 (1949); *State v. Gardea,* 1999–NMCA–116, ¶ 5, 128 N.M. 64, 989 P.2d

439; *State v. Bolton,* 1997–NMCA–007, ¶¶ 8, 11, 122 N.M. 831, 932 P.2d 1075; *State v. Ware,* 115 N.M. 339, 341, 850 P.2d 1042, 1044 (Ct.App.1993). The trial court supervises that discretion by inquiring into the reasons for dismissal to ensure that the six-month rule and the defendant's due process rights are not unduly infringed. *See Gardea,* 1999–NMCA–116, ¶¶ 6, 7, 128 N.M. 64, 989 P.2d 439. The trial court will not prevent the State from filing a nolle prosequi when the State has a good and sufficient reason for doing so. *See Ware,* 115 N.M. at 341, 850 P.2d at 1044. The court will intervene to prevent the State from using the dismissal for purposes of delay or to circumvent the rules. *Bolton,* 1997–NMCA–007, ¶ 11, 122 N.M. 831, 932 P.2d 1075.

{26} The State is understandably concerned about the six-month rule, because we have suggested that a nolle prosequi may not result, when the case is refiled, in a new six-month period. *Cf. Ware,* 115 N.M. at 343, 850 P.2d at 1046 (holding that defendant could exercise his right to disqualify trial court judge in second proceeding after first proceeding was terminated by nolle prosequi). Rule 5–604(B)(1) provides that ordinarily a criminal trial must begin within six months of "the date of arraignment, or waiver of arraignment, in the district court of any defendant," but the rule is silent on the effect of a dismissal in magistrate court and refiling in the district court. That is because New Mexico courts have been reluctant to hold that filing a nolle prosequi always results in a new six-month period. *See Ware,* 115 N.M. at 341–42, 850 P.2d at 1044–45. The district court may inquire into the reasons for the dismissal to resolve the conflict between the policies underlying the six-month rule and the prosecutor's discretion to decide where to prosecute criminal charges and otherwise manage the prosecution. *See Bolton,* 1997–NMCA–007, ¶¶ 8–10, 122 N.M. 831, 932 P.2d 1075. Ordinarily, however, filing a nolle prosequi ends the previous proceeding and allows a new six-month period to run provided there was a reasonable basis to file the nolle prosequi. When the State has such a basis, the trial court should grant the dismissal and permit a new six-month rule to run. *See id.* ¶ 11 ("Prosecutors may ordinarily do what

they wish—unless there is a bad reason for what they do . . . .").

{27} In light of the State's strong interest in enforcing its statutes and managing criminal prosecutions, we hold that a new six-month rule period should begin to run when the State files a nolle prosequi following a suppression order by a magistrate court and refiles in district court. If the State can establish that it has acted in order to preserve its right to appeal an order suppressing evidence, which is substantial proof of a material fact in the proceeding, and that it is not doing so for the purpose of delay, *cf.* 39–3–3(B)(2) (providing for the district attorney to certify an interlocutory appeal from a district court order suppressing evidence), the six-month rule should commence six months after the date of arraignment, or waiver of arraignment, on the indictment or information or under any other applicable provision of Rule 5–604.

{28} While this procedure may be less convenient than a direct appeal, it is consistent with our constitution, statutes, and rules. This procedure should encourage the initial filing of appropriate cases in district court. This procedure should serve as well the important purpose of preserving the right of the State to challenge an order suppressing material evidence in a case initially filed in magistrate court. This procedure should prove consistent with the policies underlying the six-month rule and the rule of practical finality. Although we cannot create a right of appeal, we can expedite review by construing Rule 5–604 to facilitate the State's challenge of a suppression order. Alternatively, the Legislature may provide a different appellate procedure. *Cf.* § 34–8A–6(C) (making the metropolitan court "a court of record for criminal actions involving driving under the influence of intoxicating liquors or drugs or involving domestic violence" and providing a right to appeal to district court for "[a]ny party aggrieved by a judgment" in cases heard on the record).

{29} Our ruling on the six-month rule is not determinative of any speedy trial issues in these appeals because speedy trial issues are not before the Court. *See State v. Man-*

*zanares,* 121 N.M. 798, 800, 918 P.2d 714, 716 (1996) (indicating that a motion to protect speedy trial rights is a fact-based analysis that must be presented to the trial court before it can be considered on appeal). We therefore decline to address the issue at this time.

### III  Conclusion

{30}  We affirm the Court of Appeals' determination that the orders are not final. The State has no constitutional or statutory right to appeal an order suppressing evidence from a magistrate court, and the State does not have a right to appeal these orders under the doctrine of practical finality. When the State dismisses a case in magistrate court in order to preserve its right to appeal an order suppressing evidence, which is substantial proof of a material element, and refiles in district court, Rule 5–604 provides a six-month period, measured as provided in that rule, in which to try the charges in district court, and permits extensions of that period by court order. The Court of Appeals properly dismissed the State's appeals.

{31}  **IT IS SO ORDERED.**

BOSSON, Chief Justice, SERNA, MAES and CHÁVEZ, Justices, concur.