This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                          **NO. 29,938**

**JULIUS BURBANK,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Grant L. Foutz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellant

Jacqueline L. Cooper, Acting Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**FRY, Judge.**

After Defendant's trial began, the magistrate court granted Defendant's motion in limine and excluded further testimony from the investigating officer. The State

announced that it would file a nolle prosequi and refile the charges against Defendant in district court. When Defendant moved in district court to dismiss the charges on double jeopardy grounds, the district court denied the motion but dismissed the charges on the ground that the State had not timely prosecuted the case. We affirm the district court's dismissal, but on different grounds. We hold that the State's refiling of the charges in district court violated principles of double jeopardy.

**BACKGROUND**

Defendant was arraigned in magistrate court on August 7, 2008, on charges of aggravated driving while under the influence and driving without a license. At trial on January 28, 2009, the State called its first witness, Officer Terrence Toledo, who began to testify about his initial encounter with Defendant. Before Officer Toledo could continue with his testimony, defense counsel objected and moved in limine for exclusion of Officer Toledo's testimony on the ground that he lacked reasonable suspicion to detain Defendant. The magistrate court granted the defense motion. The prosecutor immediately stated that he intended to file a nolle prosequi and then refile the charges in district court.

Without first filing a nolle prosequi or other dismissal in the magistrate court, the State refiled the charges in district court on February 4, 2009, one day before the 182-day time limit for trying a case in magistrate court would have expired. *See* Rule

6-506(B)(1) NMRA (stating that trial shall be commenced within 182 days after the date of arraignment). On March 5, 2009, the magistrate court filed an order dismissing the charges in that court "pursuant to the wishes of the State by its oral declaration that [it] would file a [n]olle [p]rosequi in this matter." Defendant was arraigned on the district court charges on May 4, 2009.

On September 28, 2009, Defendant filed a motion to dismiss the charges on double jeopardy grounds, arguing that jeopardy attached when Officer Toledo began to testify in magistrate court and that the State's dismissal at that point violated Defendant's right to be free from double jeopardy. The State's response to the motion argued in part that its actions were proper and consistent with the procedure approved in *State v. Heinsen*, 2005-NMSC-035, ¶ 23, 138 N.M. 441, 121 P.3d 1040 (holding that "[a]t any time prior to trial, the [s]tate may dismiss a case without prejudice by filing a nolle prosequi . . . [and] the [s]tate has broad discretion to reinstate charges in the district court by filing an indictment or information." (citations omitted)). *Id.*

In the present case, the district court held a hearing on Defendant's motion to dismiss, denied the motion to the extent it was based on principles of double jeopardy, and determined that *Heinsen* was "not relevant to the issues at bar." The court then concluded that, because the State had taken no action to toll the time limits for trying Defendant since Defendant's arraignment in magistrate court, the case would be

3

"dismissed with prejudice for failure to timely prosecute the matter." The State appealed.

**DISCUSSION**

The State argues that the district court erroneously dismissed the charges against Defendant because the State's actions were consistent with the procedure approved in *Heinsen*. Specifically, the State claims that the magistrate court's granting of Defendant's motion in limine was a suppression order and that, guided by *Heinsen*, the State orally dismissed the charges in magistrate court, refiled them in district court, and, as a result, a new six-month time limit under Rule 5-604 NMRA began to run.

On appeal, Defendant does not pursue his double jeopardy argument. However, we conclude that double jeopardy precluded the State's refiling of charges in district court and, on that basis, we hold that the district court's dismissal of the charges against Defendant was proper. We may affirm the district court's decision if it is right for any reason, so long as it is not unfair to the appellant. *State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828. It is not unfair to affirm on the basis of double jeopardy in this case because the parties argued the issue in the district court.

The state and federal constitutions "prohibit subjecting an individual to trial or punishment twice for the same offense." *State v. Archuleta*, 112 N.M. 55, 58, 811 P.2d 88, 91 (Ct. App. 1991). "Generally, a defendant is placed in jeopardy when his guilt or innocence is placed before the trier of fact. In a trial to the court without a jury, that moment occurs when the court begins to hear evidence." *State v. Davis*, 1998-NMCA-148, ¶ 12, 126 N.M. 297, 968 P.2d 808 (citations omitted). "In a non[-]jury trial, this means that jeopardy attaches when the court begins to hear at least some evidence on behalf of the state." *State v. Nunez*, 2000-NMSC-013, ¶ 28, 129 N.M. 63, 2 P.3d 264.

In *State v. Lizzol*, 2007-NMSC-024, 141 N.M. 705, 160 P.3d 886, our Supreme Court clarified when a trial court's evidentiary ruling is deemed an acquittal that triggers double jeopardy protections. In that case, after trial began in a DWI case, the trial court initially overruled the defendant's objection that the state had not established a sufficient foundation for admission of the breath-alcohol-test (BAT) results. *Id.* ¶ 3. Later, when the state moved the admission of the results, the trial court expressed concern about the sufficiency of the foundation. *Id.* ¶ 4. Expressing its desire for appellate court guidance on the issue, the trial court stated that admissibility was "too close to call" and then found that the foundation witness was

not qualified. *Id.* (internal quotation marks omitted). The court's written order stated as much and dismissed the case. *Id.*

On appeal, the Supreme Court stated that the critical issue was "whether the trial court's ruling was an acquittal" and that "whether a defendant was acquitted depends on whether the trial court's ruling, however labeled, correctly or incorrectly resolved some or all of the factual elements of the crime." *Id.* ¶ 7. The Court then reviewed the relevant cases decided by the United States Supreme Court and observed that the United State Supreme Court

> discussed the two times the government may appeal a trial court's ruling in the defendant's favor: (1) when the trial court declares a mistrial, and (2) when "the trial judge terminates the proceedings . . . on a basis not related to factual guilt or innocence."

*Id.* ¶ 12 (alteration in original) (quoting *United States v. Scott*, 437 U.S. 82, 92-93 (1978)). The Court emphasized that "the trial judge's characterization of his own action cannot control the classification of the action." *Lizzol*, 2007-NMSC-024, ¶ 12 (internal quotation marks and citation omitted). It also noted that "[r]ulings in a defendant's favor based on factual findings resulting from *erroneous evidentiary rulings* or erroneous interpretations of governing legal principles are acquittals," and that "[l]egal judgments that a defendant, although criminally culpable, may not be punished because of a supposed constitutional violation, such as a dismissal based on

6

preindictment delay, are not acquittals." *Id.* (alteration in original) (internal quotation marks and citation omitted).

Turning to the case before it, our Supreme Court determined that the trial court, in excluding the BAT results, had made an evidentiary ruling and dismissed the charges. *Id.* ¶ 24. "Even if the final written order can be construed as something other than a judgment of acquittal, and notwithstanding the judge's clear indication that he wished the issue to be appealed, [the defendant] was acquitted for purposes of double jeopardy." *Id.* (internal quotation marks omitted).

In the present case, we conclude that the magistrate court's suppression of further trial testimony from Officer Toledo and the ensuing dismissal constituted an acquittal, regardless of how the magistrate court characterized the dismissal in its order. Although the magistrate court did not explicitly state the obvious—that without Officer Toledo's testimony, the evidence would be insufficient to support a conviction—we deem the obvious to be implicit in the suppression and dismissal. *See id.* ¶ 25 (citing with approval a Tennessee case holding that a dismissal implicitly held the evidence to be insufficient and that an appeal was therefore barred on double jeopardy grounds). As a result, any review we would undertake in this case would violate Defendant's protection against double jeopardy.

**CONCLUSION**

For the foregoing reasons, we affirm the district court's dismissal of the charges against Defendant.

**IT IS SO ORDERED.**

                                                      _____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**LINDA M. VANZI, Judge**