This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                          **No. 34,714**

**DENISE ANGULO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Steven Johnson, Assistant Attorney General
Albuquerque, NM

for Appellant

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     The State appeals from the district court's order dismissing the charges against Defendant without prejudice pursuant to Second Judicial District Court LR2-400.1

(2015). This Court issued a calendar notice proposing summary dismissal for lack of a final, appealable order. The State filed a memorandum in opposition to this Court's notice of proposed disposition, and oral argument was held addressing both the finality issue and the merits of the State's appeal. This Court now finds that the order of dismissal without prejudice is immediately appealable pursuant to NMSA 1978, Section 39-3-3(B)(1) (1972). We reverse and remand for further proceedings.[1]

{2}	In our calendar notice, we observed that "[t]he [s]tate's right to appeal an adverse ruling in a criminal proceeding exists only by constitutional provision, statute, or rule." [CN 2 (quoting *State v. Heinsen*, 2005-NMSC-035, ¶ 7, 138 N.M. 441, 121 P.3d 1040)] The right to appeal as conveyed by statute—specifically, Section 39-3-3(B)—permits the State to appeal "final orders of the district court and . . . a district court's suppression order." *Heinsen*, 2005-NMSC-035, ¶ 8 (citing Section 39-3-3(B)). In *State v. Armijo*, "[w]e conclude[d] that the [L]egislature intended to permit the [s]tate to appeal any order dismissing one or more counts of a complaint, indictment,

---

[1] We recognize that we assigned this case to the summary calendar in our notice of proposed disposition pursuant to Rule 12-210(D) NMRA, and that we proposed to dismiss the case. In the usual course, we would issue a second calendar notice proposing to reverse, allowing for the filing of memoranda in support or in opposition to the proposed disposition, pursuant to Rule 12-210(D)(5). However, because the oral argument held in this case addressed the merits of the appeal, we dispose of this case by memorandum opinion in accordance with Rule 12-405(B) NMRA. If Defendant believes that we have overlooked or misapprehended points of law or fact in our opinion, she may file a motion for rehearing pursuant to Rule 12-404 NMRA.

or information, *regardless* of whether the dismissal is with prejudice." 1994-NMCA-136, ¶ 6, 118 N.M. 802, 887 P.2d 1269 (emphasis added).

{3}     In the present case, the State appeals from an order dismissing the charges against Defendant without prejudice pursuant to LR2-400.1, the special pilot rule enacted by our Supreme Court to govern cases in the "special calendar"[2] in the Second Judicial District Court. We are cognizant that this special pilot rule governing time limits for criminal proceedings in the Second Judicial District Court, LR2-400, has exacted significant changes in criminal procedure in the Second Judicial District. Notably, however, LR2-400.1(K) sets forth a list of events from which the time limits for trial shall commence, and specifically contemplates mandate following an appeal as one such event. *See* LR2-400.1(K)(4) ("[I]n the event of a remand from an appeal, [the time limits shall commence from] the date the mandate or order is filed in the court disposing of the appeal[.]"). Consequently, in the absence of clear language from our Supreme Court,[3] we conclude that the pilot rule does not change or otherwise

---

[2] "Criminal cases filed before July 1, 2014, shall be assigned and scheduled as provided for special calendar judges[.]" LR2-400(B)(1) (internal quotation marks omitted). The Grand Jury Indictment in this case was filed on December 5, 2013, and therefore qualifies as a special calendar case.

[3] We note that Rule LR2-400.1(A) contains language stating that the "Rules of Criminal Procedure for the District Courts and existing case law on criminal procedure continue to apply to cases filed in the Second Judicial District Court, but only to the extent that they do not conflict with this [special] pilot rule." We do not see such a conflict in the current case.

affect the State's right of appeal. Thus, applying *Armijo* to the context of this case—where the order of dismissal was entered as a sanction for a violation of the pilot rule—we determine that the State is entitled to an immediate right of appeal from the district court's order dismissing the case without prejudice. 1994-NMCA-136, ¶ 6.

{4}     Turning to the merits of the State's appeal, the following background is useful. On August 20, 2014, a hearing on the State's motion to review Defendant's conditions of release was vacated because Defendant was on bench warrant status for an earlier failure to appear. [DS 3] Apparently in response to the district court's notice of the hearing, Defendant filed a pro se motion notifying the district court that she was in a federal prison camp in Phoenix, Arizona. [DS 3; RP 30] Defendant's motion was filed in the district court at 10:16 a.m. on Friday, May 1, 2015. [RP 30] At 11:32 a.m. on May 1, 2015, the district court filed notice of a scheduling conference in Defendant's case, set for Wednesday, May 6, 2015 at 9:15 a.m. [DS 3; RP 34] Defendant was not present at the scheduling conference. [DS 4] Defendant's trial counsel orally moved for dismissal, arguing that the State had not transported Defendant for the hearing. [DS 3] The district court granted the motion, dismissing the case without prejudice for violation of the rules contained in LR2-400.1. [RP 35] The State appealed, contending that dismissal was not appropriate under the circumstances of the case. [DS 4-5]

{5}     Initially, we observe that the district court entered a form order in this case, indicating that pursuant to LR2-400.1(D)(3), it was dismissing the case for a violation of the rules contained in LR2-400.1, or of the district court's scheduling order.[4] [RP 35] The listed basis for the dismissal was the "State's failure to transport Defendant from federal custody." [RP 35] With this context in mind, we presume that the district court dismissed the case without prejudice as a sanction against the State for failing to ensure that Defendant was present at the scheduling conference as required by the rule. *See* LR2-400.1(I) ("Defendant is required to attend the scheduling conference.").

{6}     We note that LR2-400.1(I) requires that a scheduling conference "be commenced within one hundred and twenty (120) days of the effective date" of the special pilot rule. The effective date of LR2-400.1 is February 2, 2015. *See* LR2-400.1(A). The scheduling conference at issue in this case—at which Defendant was not present—was scheduled for May 6, 2015, ninety-three days after the effective date of the pilot rule. [RP 34] We conclude that where there was still time in which the scheduling conference could be rescheduled—to allow for Defendant's presence—without running afoul of the one hundred and twenty-day requirement, there was no violation of LR2-400.1(I). Consequently, we determine that dismissal of

---

[4] LR2-400.1(D)(3) pertains to evidence in the possession of the state. This was not an issue before this district court. From our review of the record, it does not appear that a scheduling order was entered in this case. Ostensibly, the purpose of the scheduling conference was to enter a scheduling order. *See* LR2-400.1(I).

the case, even without prejudice, as a sanction against the State—where the Defendant was in out-of-state federal custody and the State had only two and a half business days notice of the scheduled hearing—was "clearly against the logic and effect of the facts and circumstances of the case" and, therefore, an abuse of discretion. *See State v. Lopez*, 2011-NMSC-035, ¶ 14, 150 N.M. 179, 258 P.3d 458 (internal quotation marks and citation omitted).

**{7}** Accordingly, for the foregoing reasons, we reverse and remand for further proceedings.

**{8}** **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**J. MILES HANISEE, Judge**