**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: <u>April 3, 2017</u>

**NO. 34,713**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellant,

v.

**MICHAEL JAMES LUCERO,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**VIGIL, Judge.**

{1}     The State appeals from the district court's order dismissing the charges against Defendant Michael James Lucero without prejudice pursuant to LR2-400.1 NMRA, the special pilot rule enacted by our Supreme Court to govern cases on the "special calendar" in the Second Judicial District Court.[1] Based on the undisputed facts, we conclude that the district court abused its discretion in dismissing the case. We therefore reverse and remand for further proceedings.

**I.     BACKGROUND**

{2}     Defendant was charged with first degree criminal sexual penetration of a child under the age of thirteen (Counts 1 and 2), and second degree criminal sexual contact of a child under the age of thirteen (Count 3). As an alternative to Count 3, Defendant was charged with third degree criminal sexual contact of a child under the age of

---

[1] The State refers to both LR2-400.1, which governs "special calendar cases," and LR2-400 NMRA (2015, recompiled and amended as LR2-308 effective Dec. 31, 2016), which governs "new calendar cases." The special calendar rule, LR2-400.1(B), "applies to all cases filed on or before June 30, 2014, unless identified as a case which will be placed [o]n the 'new calendar.' " *See* LR2-400(B)(1) ("Criminal cases filed before July 1, 2014, shall be assigned and scheduled as provided for 'special calendar' judges[.]"). The grand jury indictment in this case was filed on February 17, 2014, and therefore, this is a special calendar case.

thirteen. Defendant was arraigned on February 28, 2014, and held subject to a $100,000 cash-only bond.

{3} On March 13, 2014, Assistant District Attorney (ADA) Wesley D. Jensen entered his appearance on behalf of the State. Thereafter, on September 22, 2014, Defendant filed the first of two motions to review his conditions of release, in which he claimed that his mother was "quite frail and he [was] needed to provide financial and emotional support." Following a hearing, the district court judge then assigned to the case denied the motion by order on November 26, 2014. That same day, the district court judge entered a pretrial order and scheduled the docket call in this case for March 10, 2015, and the trial for March 23 and 30, and April 6, 2015.

{4} On February 2, 2015, this case was reassigned to another District Court Judge (the court). Approximately one month later, following a scheduling hearing, the court entered a scheduling order with the following deadlines, among others:

Completion of witness interviews: December 19, 2015;
Filing certification of readiness for trial: March 3, 2016;
Filing final witness list: March 27, 2016;
Docket call: March 28, 2016; and
Trial shall commence the weeks of April 4, 2016 through April 15, 2016.

{5} Meanwhile, on February 6, 2015, Defendant filed an amended motion to review his conditions of release, explaining that his mother required his assistance as she recovered from eye surgery. The court set a hearing for March 31, 2015, to consider

2

the motion to review conditions of release. The prosecuting attorney, ADA Jensen, was unavailable to attend the March 31, 2015 hearing, so he sent another prosecutor, ADA Nicholas Marshall, in his stead.

{6}     During the March 31, 2015 motion hearing, defense counsel informed the court that Defendant was ready for trial and stated: "We have done the witness interview. We are ready to go. We could go tomorrow on this case." The court noted that he had some time and asked ADA Marshall if the State was ready to proceed to trial. ADA Marshall responded: "I don't know, Your Honor, I am filling in for [ADA] Jensen[.] I have some detailed notes about the conditions of release hearing. I'm not certain about whether or not it's ready for trial." The court scheduled a hearing for April 3, 2015 to "address truly" whether the parties were ready to proceed to trial.

{7}     ADA Jensen appeared on behalf of the State three days later, on April 3, 2015, for the status hearing. At that time, the court stated that the trial was set for April 6, 2015. ADA Jensen responded: "That's really hard, Your Honor." After the court indicated that it was his understanding that the parties were ready to go to trial, ADA Jensen explained that the State still needed to interview one witness. The court expressed his concern that the case was old and stated that "we're not delaying this for pretrial interviews." He proceeded to say:

> So, [ADA] Jensen, you weren't here, but you had someone to stand in and who represented to this [c]ourt that this case was ready to go.

3

[Defense counsel] represented that this case was ready to go, and we set it for trial, and it's set for Monday. So I guess that brings us to—if the State is telling me they're not ready to go, then I have to make a decision.

{8} ADA Jensen explained to the court that he usually asked to have a couple of weeks to subpoena witnesses to trial, and the parties still had not interviewed the therapist in this case. The court stated that "therein lies the reason why we need counsel, the trial counsel present at the scheduling conference so—or the docket call, so we can make sure we know where we are going." After additional discussion between the court and ADA Jensen regarding whether the State would be ready to proceed to trial on April 6, 2015, the court dismissed the case without prejudice, and made the following findings:

1. A motion hearing was heard on March 31, 2015, substitute counsel for the [S]tate indicated that they were ready to proceed to trial.

2. A status hearing was heard in this matter on April 3, 2015[,] before the [the court].

3. At the status hearing[, the court] dismissed the case without prejudice due to the [S]tate not being ready to proceed to trial on Monday, April 6, 2015.

{9} This appeal followed.

## II. DISCUSSION

### A. This Court Has Jurisdiction Over the State's Appeal

{10} Before considering the State's argument, we must determine whether the State has a right to appeal. Defendant contends that the State's appeal must be dismissed because the district court's order dismissing the case without prejudice is not a final, appealable order. We review jurisdictional issues de novo. *See State v. Heinsen*, 2005-NMSC-035, ¶ 6, 138 N.M. 441, 121 P.3d 1040.

{11} "The State's right to appeal an adverse ruling in a criminal proceeding exists only by constitutional provision, statute, or rule." *Id.* ¶ 7. Pursuant to NMSA 1978, Section 39-3-3(B)(1) (1972), the State has a right to appeal a district court order dismissing a criminal complaint, indictment, or information. *See id.* ("In any criminal proceeding in district court an appeal may be taken by the state to the supreme court or court of appeals, as appellate jurisdiction may be vested by law in these courts . . . within thirty days from a decision, judgment or order dismissing a complaint, indictment or information as to any one or more counts[.]"). And, the State has this right even if the dismissal is without prejudice. *See State v. Armijo*, 1994-NMCA-136, ¶ 6, 118 N.M. 802, 887 P.2d 1269 (concluding that "the [L]egislature intended to permit the [s]tate to appeal *any* order dismissing one or more counts of a complaint, indictment, or information, *regardless* of whether the dismissal is with prejudice" (emphases added)).

{12} Defendant asks this Court to reconsider our decision in *Armijo*; however, we decline to do so. We recently considered the application of *Armijo* to a dismissal pursuant to LR 2-400.1, and we concluded that "in the absence of clear language from our Supreme Court, . . . the pilot rule does not change or otherwise affect the [s]tate's right of appeal." *State v. Angulo*, No. 34,714, mem. op. ¶ 3 (N.M. Ct. App. Jan. 5, 2016) (non-precedential). Thus, we conclude that *Armijo* still applies, and the order of dismissal without prejudice in this case is immediately appealable pursuant to Section 39-3-3(B)(1).

{13} The State timely appealed the district court's order of dismissal within the thirty-day deadline set forth in Section 39-3-3(B)(1). Therefore, this Court has jurisdiction to consider the merits under this provision.

**B. The District Court Abused Its Discretion in Dismissing the Case**

{14} The State argues that the district court abused its discretion in dismissing the case without prejudice, pursuant to LR2-400.1.[2] We review the district court's ruling under an abuse of discretion standard. *See State v. Navarro-Calzadillas*, 2017-NMCA-___, ¶ 16, ___P.3d ___ ( "[O]ur review of the district court's imposition of sanctions is for an abuse of discretion[.]); *State v. Candelaria*, 2008-NMCA-120, ¶ 12, 144 N.M. 797, 192 P.3d 792 (describing a district court in

---

[2] *See* supra note 1.

6

its appellate capacity to review the sanction of dismissal of a criminal case by a metropolitan court under its inherent power for an abuse of discretion). "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Duarte*, 2007-NMCA-012, ¶ 3, 140 N.M. 930, 149 P.3d 1027 (internal quotation marks and citation omitted).

{15}    Under the special calendar rule, specifically LR2-400.1(J)(4),

> [i]f a party fails to comply with any provision of the scheduling order, the court shall impose sanctions as the court determines is appropriate in the circumstances, such as suppression, exclusion, dismissal, monetary sanctions against either the attorney or the attorney's government agency, or any other sanction deemed appropriate by the [c]ourt.

Therefore, under this rule, the district court was required to impose a sanction, which could include dismissal, *if* the State failed to comply with any provision of the scheduling order.

{16}    In this case, the court, based on his view that the parties were ready for trial, and in an effort to move the case along more quickly, rescheduled the trial to start April 6, 2015—a full year earlier than the trial dates set forth in the scheduling order. During the status hearing on April 3, 2015, the State indicated that it still needed to interview the therapist, and it was not ready to proceed to trial on April 6, 2015—the next business day. As a sanction, the district court dismissed the case without prejudice. "We will not disturb a district court's order imposing sanctions absent an

7

abuse of discretion." *State v. Harper*, 2010-NMCA-055, ¶ 11, 148 N.M. 286, 235 P.3d 625, *rev'd in part on other grounds by* 2011-NMSC-044, 150 N.M. 745, 266 P.3d 25.

{17} The dismissal was an abuse of discretion for three reasons. First, the dismissal was based on a faulty premise that the case should not be delayed further for pretrial interviews. This ruling, however, was in contravention of the deadline for completion of witness interviews, which was December 19, 2015. Second, the district court erred in finding that at the March 31, 2015 motion hearing, "substitute counsel for the [S]tate indicated that [the State was] ready to proceed to trial." Based on the transcript from the hearing, substitute counsel informed the court that he did not know if the case was ready for trial because he was filling in for ADA Jensen to address Defendant's motion to review his conditions of release. Third, the district court treated the hearing on Defendant's motion to review his conditions of release as a docket call, despite the fact that the hearing had been clearly noticed as a hearing on the motion to review Defendant's conditions of release and the docket call deadline was scheduled for March 28, 2016. In light of the foregoing, we conclude that the district court's dismissal of the case was "clearly against the logic and effect of the facts and circumstances of the case" and, therefore, was an abuse of discretion. *State*

*v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

**III.  CONCLUSION**

{18}  Accordingly, we reverse and remand for further proceedings.

{19}  **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**