This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO, ex rel.**
**VILLAGE OF LOS LUNAS and**
**VILLAGE OF LOS LUNAS COUNCIL,**

Plaintiffs-Appellees,

**v.** No. A-1-CA-36877

**COUNTY OF VALENCIA and**
**BOARD OF VALENCIA COUNTY**
**COMMISSIONERS,**

Defendants,

**and**

**CITY OF BELEN and CITY OF**
**BELEN COUNCIL,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Valerie A. Huling, District Judge**

Griego & Guggino
Laurence P. Guggino, Jr.
Los Lunas, NM

for Appellees

The Barela-Gutierrez Law Firm, LLC

Renee Barela-Gutierrez
Corrales, NM

for Appellants

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     The City of Belen and the City of Belen Council (Defendants) seek to appeal from an order granting a motion for summary judgment. We previously issued a notice of proposed summary disposition in which we proposed to dismiss for want of a final order. Defendants have filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded that this matter is properly before us, we dismiss the appeal.

{2}     As we observed in the notice of proposed summary disposition, the right to appeal is generally restricted to final judgments and decisions. *See* NMSA 1978, § 39-3-2 (1966). Generally, "an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court *to the fullest extent possible*." *Clinesmith v. Temmerman*, 2013-NMCA-024, ¶ 35, 298 P.3d 458 (emphasis added) (internal quotation marks and citation omitted). Moreover, "all final orders must be written, must be formal, and must contain 'decretal language.' " *State v. Lohberger*, 2008-NMSC-033, ¶ 20, 144 N.M. 297, 187 P.3d 162. The order entered below does not satisfy this standard. Although it clearly

reflects that Plaintiffs' motion for summary judgment has been granted, and although it appears to resolve a critical issue, it lacks decretal language carrying the decision into effect. *See generally Khalsa v. Levinson*, 1998-NMCA-110, ¶ 13, 125 N.M. 680, 964 P.2d 844 (observing that decretal language "carries the decision into effect by ordering that something happen").

{3}    In their memorandum in opposition Defendants acknowledge this deficiency. [MIO 3]  However, they suggest that a ruling may constitute a final order even in the absence of decretal language, citing *Moffat v. Branch*, 2002-NMCA-067, 132 N.M. 412, 49 P.3d 673, as support for this proposition. [MIO 3] However, the appeal in that case was from orders dismissing a complaint in its entirety for failure to state a claim. *See id.* ¶¶ 2, 8-9.  Such orders are unquestionably final. *See, e.g., Turner v. First N.M. Bank,* 2015-NMCA-068, ¶ 7, 352 P.3d 661 (explaining that an order dismissing a complaint for failure to state a claim is a final, appealable order). Nothing in *Branch* indicates that decretal language is superfluous. And the situation at hand is readily distinguishable:  the district court's ruling on the motion for summary judgment does not entail either the dismissal of the action, or any other formalized, final resolution of the pending claims.  As such, we remain unpersuaded that the matter is properly before us at this juncture.

{4}     Defendants also invoke the doctrine of practical finality, contending that the district court's ruling on the motion for summary judgment "concluded the litigation around one specific issue" in a manner which will "dictate the future of the case." [MIO 3-4] Even if we were to assume that this is so, we nevertheless deem it inappropriate and imprudent to preempt further, final action by the district court carrying its decision into effect. *See Heinsen*, 2005-NMSC-035, ¶ 15, 138 N.M. 441, 121 P.3d 1040 (observing that "practical finality is the exception, rather than the rule" and the doctrine is applied only "cautiously, in limited circumstances"). We therefore decline to entertain the instant appeal under the auspices of the doctrine of practical finality.

{5}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we conclude that the district court's order is not immediately reviewable.  The appeal is therefore summarily dismissed.

{6}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

4

**MICHAEL E. VIGIL, Judge**


_____
**DANIEL J. GALLEGOS, Judge**