This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MARI SOL DE LEON,**

Petitioner-Appellant,

**v.**                                                   **NO. 29,899**

**DANIEL M. MARTINEZ, SR.,**
**ROBERT GUS MARTINEZ, SR.,**
**JOSEPH J. MARTINEZ, DOLORES**
**M. PADILLA, and SUSAN T. SANDOVAL,,**

Respondents-Appellees,

**IN THE MATTER OF THE ESTATE OF**
**FRANCES A. MARTINEZ, Deceased.**

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Sheri A. Raphaelson, District Judge**

Landry & Ludewig, LLP
Stephanie Landry
Albuquerque, NM

for Appellant

Scheuer, Yost & Patterson, P.C.
Kristofer C. Knutson
Santa Fe, NM

for Appellee Daniel M. Martinez, Sr.

Robert Gus Martinez, Sr.
Sapillo, NM

Joseph J. Martinez
Albuquerque, NM

Dolores M. Padilla
Albuquerque, NM

Susan T. Sandoval
Albuquerque, NM

Pro Se Appellees

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Petitioner appeals from an award of attorney fees to the personal representative for the defense of an undue influence claim.  [DS 8; MIO1] We issued a calendar notice proposing to dismiss the appeal and Appellant has filed a timely memorandum in opposition. We remain unpersuaded and dismiss.

This case concerns counter petitions filed by multiple siblings in a probate case. [*See* 2008-468 RP 1; 2008-42 RP 20; MIO 1]  It is alleged Respondent Daniel Martinez, Sr. (Respondent), one of the deceased's sons and appointed personal representative, exercised undue influence over the deceased.   The original petition requests:  (1) informal probate be set aside; (2) an accounting of the property; (3) the last will and testament of the deceased be set aside; (4) reinstatement of a prior will, or, alternatively; (4)  entry of an order of intestacy. [2008-468 RP 1] A subsequent response and motion to dismiss also request the district court reject the appointment

of Respondent as personal representative. [2008-42 RP 38-51] Respondent's December 2008 petition requests that the court convert the informal probate proceeding to a formal probate proceeding, that he be confirmed as personal representative, that the will be declared valid, that the inventory and accounting be approved, allowed, and settled, that the assets be distributed, and that the court award attorney fees for the administration of the estate. [2008-42 RP 20-23]

After some back and forth between the parties and additional filings, including a previous appeal to this court resulting in a voluntary dismissal [Case No. 29,725; 2008-42 RP 152], the district court entered an order confirming Respondent as personal representative, and ordering the estate to pay his attorney fees in defending the estate, noting the undue influence claim was to be tried to a jury in the future. [2008-42 RP 144-145] Petitioner appeals the award of attorney fees, arguing such an award is inappropriate given the pending undue influence claim.

The New Mexico Uniform Probate Code provides that "each proceeding before the district court or probate court is independent of any other proceeding involving the same estate." NMSA 1978, § 45-3-107 (1975); *see In re Estate of Boyer*, 117 N.M. 74, 77-78, 868 P.2d 1299, 1302-03 (Ct. App. 1994). Our cases have interpreted that provision to mean that the claims and issues raised in a particular petition frame the scope of the proceeding. *In re Estate of Newalla*, 114 N.M. 290, 294, 837 P.2d 1373,

1377 (Ct. App. 1992). Thus, "each petition in a probate file should ordinarily be considered an independent proceeding, so that an order disposing of the matters raised in the petition should be considered a final, appealable order." *Id.*

It therefore appears that, if the only issue raised in the petition was the appointment of Respondent as personal representative, or if all other issues raised in the petition were resolved in the order, that order would be final and appealable. In this case, however, it does not appear the district court's order resolves all matters raised in the petition.

Appellant argues that the August 18, 2009 order disposes of all the issues in the petition filed by Respondent on December 18, 2008, and that the order is therefore final. [MIO 2-3] We disagree. The original petition, filed by Appellant, raises an undue influence claim, requests that the last will and testament be set aside, and requests another will be reinstated in its place. The district court's order specifically does not resolve these issues, noting the undue influence claim will be heard by a jury. [2008-42 RP 144] Presumably because these issues remain, the district court order also does not resolve all of the issues in Respondent's December petition. Specifically, the district court order does not declare the will valid, does not approve the accounting and inventory, and does not distribute the assets. [2008-42 RP 149-150] Therefore the district court order is not a final order for purposes of appeal.

We also decline to construe this appeal as a petition for writ of error. Rule 12-503(E) NMRA permits review by this Court when a party has shown that an order:

> (a)    conclusively determines the disputed question;

> (b)    resolves an important issue completely separate from the merits of the action; and

> (c)    would be effectively unreviewable on appeal from a final judgment because the remedy by way of appeal would be inadequate.

Even if we were to hold that the order in question satisfied (a) and (b), above, Appellant clearly has an adequate remedy through the usual appeals process. *In re Larry K.*, 1999-NMCA-078, ¶¶ 7-8, 127 N.M. 461, 982 P.2d 1060 (noting that the writ of error doctrine is intended to address an extremely limited class of cases and that writs of error involve situations involving the "entitlement not to stand trial or face the other burdens of litigation" (internal quotation marks and citation omitted)). Moreover, the grant of a writ is clearly discretionary. *Id.* ¶ 8. We see no reason to treat the district court's order for attorney fees in this case differently from any other interim monetary award for attorney fees.

We therefore dismiss this appeal as premature.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

5

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**MICHAEL E. VIGIL, Judge**