This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39019**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**MANUEL DE JESUS MARTINEZ
and BRONSON TAPIA,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl Francolini, Assistant Attorney General
Albuquerque, NM

for Appellant

Raul A. Lopez, Attorney at Law
Raul A. Lopez
Albuquerque, NM

for Appellee Manuel de Jesus Martinez

Harrison & Hart, LLC
Nicholas T. Hart
Albuquerque, NM

Law Office of Megan K. Mitsunaga
Megan K. Mitsunaga
Albuquerque, NM

for Appellee Bronson Tapia

**MEMORANDUM OPINION**

**BACA, Judge.**

**{1}** The State appeals the district court's order sanctioning the State for violating discovery rules by unilaterally redacting certain personal identifying information of witnesses—namely social security numbers, dates of birth, and driver's license numbers—without first seeking a protective order. The State argues that (1) it has a constitutional right to appeal the district court's ruling, and (2) the district court abused its discretion in ordering sanctions because the State is not compelled by any authority to disclose the personal information of witnesses where such information is immaterial to the preparation of the defense. Defendants answer that (1) this Court does not have jurisdiction to hear the State's appeal, (2) the State fails to demonstrate the propriety of its unilateral redactions, and (3) the district court did not abuse its discretion in ordering sanctions against the State. For reasons explained below, we dismiss the State's appeal.

## DISCUSSION

**{2}** We begin by addressing whether the State has a right to appeal the district court's order for sanctions, and, consequently, whether this Court has jurisdiction to hear such appeal. We review jurisdictional issues de novo. *See State v. Heinsen*, 2005-NMSC-035, ¶ 7, 138 N.M. 441, 121 P.3d 1040. The State's right to appeal a nonfinal, adverse ruling in a criminal proceeding—such as the district court's order for sanctions in this case—exists only by rule, statute, or constitutional provision. *Id.* Here, the State did not pursue its appeal under any rule or statue, and only contends that it has a right to appeal the district court's order by constitutional provision.[1] "While the [s]tate does not have an absolute right to appeal every adverse ruling immediately, appellate courts have jurisdiction to review a ruling pursuant to [Article VI, Section 2 of the New Mexico Constitution] when the ruling affects a particularly important state interest." *Heinsen*, 2005-NMSC-035, ¶ 9; *see also State v. Grossetete*, 2008-NMCA-088, ¶ 4, 144 N.M. 346, 187 P.3d 692 ("The [s]tate does not have an absolute right to appeal in every situation in which it may feel aggrieved by a trial court's ruling, although we do not foreclose review of a decision that affects a particularly important state interest." (internal quotation marks and citation omitted)); *In re Larry K.*, 1999-NMCA-078, ¶ 14, 127 N.M. 461, 982 P.2d 1060 ("[T]he [s]tate does not always have a right to appeal when it is aggrieved by the trial court's ruling, but rather the right to appeal is only applicable where the interest is especially strong. . . . [T]he implicated interest must be 'of the greatest importance' to justify the constitutional right to appeal exception to the final judgment rule." (citation omitted)); *State v. Apodaca*, 1997-NMCA-051, ¶ 16, 123 N.M. 372, 940 P.2d 478 (stating that the implicated interest must be "of the greatest importance" to justify the constitutional

---

[1] Under Rule 12-503(E)(2) NMRA, the State could have petitioned for a writ of error. Similarly, under NMSA 1978, Section 39-3-3(B) (1972), the State could have petitioned for a writ of interlocutory appeal. Alternatively, the State could have refused to comply with the district court's order, be held in contempt, and appeal as of right from the contempt judgment, challenging the underlying discovery order. *See King v. Allstate Ins. Co.*, 2004-NMCA-031, ¶ 19, 135 N.M. 206, 86 P.3d 631. Following our thorough review of the parties' briefing, including on matters directed to be addressed by this Court, as well as the record, we do not perceive the district court's order to be an order for contempt sanctions, nor do the parties dispute that the district court's order is one for sanctions based on discovery violations rather than for contempt sanctions.

right to appeal exception to the final judgment rule); *State v. Armijo*, 1994-NMCA-136, ¶¶ 7-8, 118 N.M. 802, 887 P.2d 1269 (clarifying that even though "[t]he [s]tate is without question a party to every criminal proceeding in the district courts[, given that] a *claim* of disposition contrary to law is a valid and legal grievance which indisputably makes the [s]tate 'an aggrieved party,' . . . the [s]tate does not have an absolute right to appeal in every situation in which it may feel 'aggrieved' by a trial court's ruling," but rather only where the interest at issue is of the greatest importance (emphasis added) (internal quotation marks and citation omitted)).

{3}     Here, the State argues that "protecting the dignity, safety[,] and privacy of crime victims, which is not only essential in its own right but in turn promotes participation in the criminal justice process, is of the utmost importance." We agree that such interest in the rights of victims is unquestionably important; however, we do not consider it to rise to the level of the "the greatest importance" necessary to justify a constitutional right to appeal, especially in light of the facts of this case where the State disclosed this information prior to filing this appeal. *Compare Armijo*, 1994-NMCA-136, ¶¶ 7-8 (holding that the state had a constitutional right to appeal the district court's disqualification of the attorney general because such issue presented a "matter of grave importance" given the scope and nature of the attorney general's statewide duties), *and Apodaca*, 1997-NMCA-051, ¶¶ 16-17 (holding that a "defendant has a constitutional right to appeal from a[ nonfinal] order denying a motion to dismiss a charge on the ground that trial of the charge would subject the defendant to double jeopardy," and recognizing the "compelling" nature of a defendant's "right not to be subjected to double jeopardy"), *with Larry K.*, 1999-NMCA-078, ¶ 15 (holding that the state did not have a constitutional right to appeal the trial court's grant of a jury trial because, while "undoubtedly important," the state's interest in securing a bench trial was not "compelling enough to justify an exception to the final judgment rule," and did not prejudice the state). *See also Apodaca*, 1997-NMCA-051, ¶ 16 ("The difficulty is in determining what interests justify invocation of the constitutional right to appeal when final judgment has not yet been entered. Such interests must be of the greatest importance, given the countervailing powerful interest in avoiding piecemeal appeals.").

{4}     The State's claimed interest—broadly, the protection and privacy of victims—is undercut by the State's own disclosure of the unredacted information prior to the hearing on Defendants' motion for sanctions, as well as its failure to identify that it is prejudiced by the district court's order. *Larry K.*, 1999-NMCA-078, ¶ 15. The State's claimed interest is further diminished by its failure to (1) pursue its appeal of a nonfinal order through alternate procedural means, *Heinsen*, 2005-NMSC-035, ¶ 7, or (2) avail itself of the opportunity to file in the district court a protective order requesting that the relevant identifying information be redacted. Because we remain unpersuaded that the State's interest is of sufficient importance—specifically as asserted in light of the facts of this case—we hold that the State did not have a right to appeal, and we, therefore, dismiss the State's appeal for lack of jurisdiction.[2] *Id.* ¶ 9. Our holding today should not be read to endorse the district court's order effectively prohibiting the type of redactions employed

---

[2]Based on our holding in this regard, we decline to otherwise address the parties' remaining arguments.

by the State, or otherwise speak to the propriety or impropriety of the district court's ruling regarding the State's redactions and responsive discovery sanctions.

**CONCLUSION**

**{5}** For the reasons stated above, we dismiss the State's appeal for lack of jurisdiction.

**{6}** **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**