**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2019-NMCA-010**

**Filing Date: October 23, 2018**

**Docket No. A-1-CA-36336**

**STATE OF NEW MEXICO,**

       **Plaintiff-Appellee,**

**v.**

**AUSTIN VERRET,**

       **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Eran Sharon, Assistant Attorney General
Santa Fe, NM

for Appellee

Cardenas Law Firm, LLC
Christopher K.P. Cardenas
Las Cruces, NM

for Appellant

OPINION

**GALLEGOS, Judge.**

**{1}** Defendant Austin Verret filed a motion in Doña Ana County Magistrate Court to exclude the arresting officer from testifying at his trial for aggravated driving while under the influence of intoxicating liquor or drugs (DWI), based on Defendant's inability to secure a pretrial witness interview with the officer. The magistrate court granted the motion and excluded the officer from testifying. In response, the State filed a nolle prosequi in magistrate court and refiled Defendant's case in district court pursuant to *State v. Heinsen*, 2005-NMSC-035, 138 N.M. 441, 121 P.3d 1040. Defendant then requested that the district court conduct an independent review of his pretrial motion to exclude the arresting officer in accordance with *City of Farmington v. Piñon-Garcia*,

1

2013-NMSC-046, 311 P.3d 446. The district court, noting that *Piñon-Garcia* involved an appeal from an order of dismissal, concluded that the requirement for an independent review of the pretrial motion filed in the lower court does not apply to a case where the state refiles the charges in district court. Instead, the district court decided the motion anew based on the facts as they existed in the district court. For the reasons that follow, we conclude that the district court erred in concluding that *Piñon-Garcia* does not apply to a *Heinsen* refiling. Consequently, we reverse and remand to the district court for an independent determination of the motion to exclude as filed in the magistrate court.

## BACKGROUND

**{2}** Defendant was charged with one count of aggravated DWI in magistrate court. Prior to trial, Defendant repeatedly requested a witness interview with the arresting officer, Brad Lunsford, but to no avail. At one point, an interview with Officer Lunsford was scheduled, but the officer cancelled on the day of the interview.

**{3}** Based on the multiple failed attempts to interview Officer Lunsford, Defendant filed a motion to exclude the officer from testifying at trial. The magistrate court reserved its ruling on the motion until the day jury selection was set to occur. However, the magistrate court did enter an order requiring the State to provide the witness interview with Officer Lunsford by the day of jury selection. When that day came, Defendant still had not had the opportunity to interview Officer Lunsford. Defendant renewed his motion to exclude the officer from testifying, and the magistrate court granted it.

**{4}** Instead of proceeding to trial, the State filed a nolle prosequi in magistrate court and refiled Defendant's case in district court. The refiled complaint indicated that "[u]nder Rule 6-506[(A)] NMRA, and pursuant to . . . *Heinsen* . . . the State is exercising its discretion to have this matter heard in a court of record to remedy an order of suppression." In response, Defendant filed a motion in district court to dismiss. Then, after the district court denied the motion, Defendant filed a motion for reconsideration. In his motion for reconsideration, Defendant argued that the district court was required, pursuant to *Piñon-Garcia*, 2013-NMSC-046, to make a de novo determination of whether the magistrate court's exclusion order—entered as a discovery sanction—was correctly issued based on the merits of the motion as they existed at the time the magistrate court entered the order. *See id.* ¶ 1 (concluding that on appeal, "the district court must make an independent determination of the merits" of a pretrial motion filed in a court not of record). The district court concluded in its order denying Defendant's motion for reconsideration that "[b]ecause this case is not an appeal but is a refiling, the [d]istrict [c]ourt's role is not to pass upon the merits of the lower court's decision but to determine whether the motion, raised and filed in [d]istrict [c]ourt, is meritorious now." The district court then denied the motion because Defendant had evidently interviewed Officer Lunsford following the refiling in district court. Defendant subsequently entered a conditional plea agreement in which he pled no contest to a lesser DWI charge and reserved the right to appeal the district court's denial of his motion to reconsider.

## DISCUSSION

**{5}** Defendant argues that the district court erred by failing to consider the events as they unfolded in magistrate court in making its decision on his motion for reconsideration, as required by *Piñon-Garcia*. *See id.* ¶ 21 (holding that "the district court should have made an independent determination regarding the validity of the [lower] court's order of dismissal based on the record on appeal and the arguments of counsel at the district court level"). For its part, the district court predicated its ruling on its conclusion that *Piñon-Garcia*, which involved an appeal from an order of dismissal, does not apply to a case where the state refiles the charges in district court. Defendant, however, points out that the State refiled the criminal complaint in district court, pursuant to *Heinsen,* 2005-NMSC-035, in order to receive review of the magistrate court's exclusion ruling. *See id.* ¶ 1 (recognizing that "the [s]tate may obtain judicial review of . . . a suppression order by filing a nolle prosequi to dismiss some or all of the charges in a magistrate court after the suppression order is entered and refiling in the district court for a trial de novo").[1] The question for this Court, then, is whether the *Piñon-Garcia* requirement for an independent determination of the merits of a pretrial motion filed in the lower court applies in the context of a district court refiling under *Heinsen.*

## I.      Standard of Review

**{6}** "A court's jurisdiction derives from a statute or constitutional provision." *State v. Rudy B.*, 2010-NMSC-045, ¶ 14, 149 N.M. 22, 243 P.3d 726. Likewise, the right to appeal is a matter of substantive law created by constitution or statute. *State v. Armijo*, 2016-NMSC-021, ¶ 19, 375 P.3d 415. "We review issues of statutory and constitutional interpretation de novo." *Id.* (internal quotation marks and citation omitted). We also review de novo the district court's application of the law to the facts of the case. *State v. Foster*, 2003-NMCA-099, ¶ 6, 134 N.M. 224, 75 P.3d 824.

## II.      District Court Review of a Potentially Dispositive Discovery Sanction Entered in Magistrate Court upon Refiling Pursuant to *Heinsen*

**{7}** Our New Mexico Constitution permits appeals from inferior courts to the district court. N.M. Const. art. VI, § 27. The relevant provision indicates that "[a]ppeals shall be allowed in all cases from the final judgments and decisions of the . . . inferior courts to the district courts, and in all such appeals, trial shall be had de novo unless otherwise provided by law." *Id.*; *see* NMSA 1978, § 39-3-1 (1955) ("All appeals from inferior tribunals to the district courts shall be tried anew in said courts on their merits, as if no trial had been had below, except as otherwise provided by law."); *Foster*, 2003-NMCA-

---

[1] Although *Heinsen* involved an order of suppression, both Defendant and the State treat a *Heinsen* refiling—a nolle prosequi filed in the magistrate court followed by a refiling of the charges in the district court—as the appropriate vehicle for the State to seek review of the magistrate court's order excluding witness testimony as a discovery sanction for violation of Rule 6-504(D) NMRA. In the absence of briefing otherwise, we assume, but do not decide, that this is correct for purposes of resolving this appeal.

099, ¶ 9 (stating that because magistrate courts are not courts of record, an appeal from a magistrate court is de novo).

**{8}** In light of the constitutional and statutory requirements for a *trial* de novo in district court following an appeal from an inferior non-record court, our Supreme Court in *Piñon-Garcia*, 2013-NMSC-046, took on the question of how a district court must treat an appeal of a lower court's order on a dispositive motion. *See id.* ¶ 17 ("The limited question we address in this case is the appropriate review in district court of a municipal court's pretrial ruling."). In *Piñon-Garcia*, the defendant was charged in municipal court with three traffic offenses, including DWI. *Id.* ¶¶ 4-5. On the day of the trial, the arresting officer did not appear, and the defendant moved to dismiss all charges, which the municipal court granted. *Id.* ¶ 5. The City of Farmington appealed the dismissal of the DWI charge to the district court. *Id.* The defendant then filed a motion in district court to dismiss the appeal, arguing that the municipal court's dismissal should be reviewed on appeal for an abuse of discretion. *Id.* The district court determined that it was precluded from reviewing the municipal court's order at all and instead held a trial de novo. *Id.* ¶¶ 5-6. The arresting officer appeared at the trial in the district court, and the defendant was convicted of DWI. *Id.* ¶ 6.

**{9}** Our Supreme Court concluded that the district court was correct in not reviewing the order of the municipal court for abuse of discretion. *See id.* ¶ 19 ("The district court does not consider whether the lower court abused its discretion[.]"). Our Supreme Court clarified, however, that the district court should have instead made an independent determination of the merits of the pretrial motion "based on the record on appeal and the arguments of counsel at the district court level." *Id.* ¶ 21; *see id.* ¶ 19 (holding that the district court "must consider the merits of the motion without regard to what the municipal court decided").

**{10}** Our Supreme Court reasoned that "[i]f district courts are not permitted to review a lower court's grant or denial of potentially dispositive pretrial motions on appeal, the power of lower courts to grant relief when constitutional safeguards and procedural rules, such as speedy trial, double jeopardy, or discovery rules, are violated would be meaningless." *Id.* ¶ 2. In other words, a party in an inferior court who is granted a dispositive order as a remedy for a constitutional or procedural violation "would effectively be deprived of the safeguards of the United States and New Mexico Constitutions and our procedural rules if a district court's de novo review of the lower court's ruling are bypassed in favor of a trial de novo on the underlying complaint." *Id.* Our Supreme Court added that this would lead to inferior courts arbitrarily disregarding "enforcement of procedural rules and constitutional protections" because what the inferior courts did would not be reviewed. *Id.* ¶ 13. Ultimately, our Supreme Court remanded the case and instructed the district court to resolve whether to dismiss the case because the arresting officer failed to show up to the trial before the municipal court or whether it would consider alternatives to dismissal, "while balancing the need to vindicate the authority of the municipal court and protecting the parties' rights under our rules and the United States and New Mexico Constitutions." *Id.* ¶ 21.

4

**{11}** In the present case, Defendant requested—via his motion to reconsider—that the district court conduct an independent review of his motion to exclude Officer Lunsford, as filed in the magistrate court, citing the above-described requirement in *Piñon-Garcia*. The district court instead decided the motion for reconsideration anew, based upon the facts as they existed in the district court, essentially determining that *Piñon-Garcia* applies to direct appeals but not to the refiling of charges.

**{12}** While the district court found this distinction—appeal versus refiling—to be pivotal, we can see no meaningful difference between either method of obtaining review of a dispositive motion by the district court. *See Heinsen*, 2005-NMSC-035, ¶ 1 (recognizing that "the [s]tate may obtain judicial review of . . . a suppression order by filing a nolle prosequi to dismiss some or all of the charges in a magistrate court after the suppression order is entered and refiling in the district court for a trial de novo"); *see also City of Santa Fe v. Marquez*, 2012-NMSC-031, ¶ 23, 285 P.3d 637 (recognizing a *Heinsen* refiling as "the specific procedure by which the state can appeal a suppression ruling in magistrate court in order to avoid a situation . . . in which the defendant would be acquitted as the result of the suppression of evidence, thus barring the ability of the state to appeal"). With respect to our Supreme Court's recognition that "[i]f district courts are not permitted to review a lower court's grant or denial of potentially dispositive pretrial motions on appeal, the power of lower courts to grant relief when constitutional safeguards and procedural rules, such as speedy trial, double jeopardy, or discovery rules, are violated would be meaningless[,]" *Piñon-Garcia*, 2013-NMSC-046, ¶ 2, we can see no difference between an appeal from a ruling on a dispositive pretrial motion and a *Heinsen* refiling seeking the same type of review.

**{13}** The State does not argue that its refiling was anything other than an attempt under *Heinsen* to have the magistrate court's exclusion ruling reviewed by the district court. In fact, the State has continuously asserted, both below and on appeal, that it refiled the charges in district court in order "to have this matter heard in a court of record to remedy an order of suppression." Although not a traditional appeal, the refiling method utilized by the State is effectively the equivalent of an appeal. *See Marquez*, 2012-NMSC-031, ¶ 23 ("*Heinsen* . . . reflect[s] [our Supreme] Court's evident concern that suppression orders generally should not be immune from appellate review.").

**{14}** Because there is no meaningful distinction between an appeal and a *Heinsen* refiling when either method is utilized to obtain review of the inferior court's ruling on a potentially dispositive pretrial motion, we conclude that the district court should have conducted an independent review of the pretrial motion to exclude filed in magistrate court. From our review of the State's argument on appeal, it does not appear that the State makes any contention to the contrary. Rather, the State argues that the district court did in fact conduct a de novo review of the motion. However, as noted earlier, the district court decided Defendant's motion for reconsideration based upon the facts as they existed in the district court, not as they were before the magistrate court. This method of review is not in line with *Piñon-Garcia*. *See* 2013-NMSC-046, ¶ 21 (holding that "the district court should have made an independent determination regarding the validity of the [lower] court's order of dismissal based on the record on appeal and the arguments of counsel at

the district court level"); *Foster*, 2003-NMCA-099, ¶ 19 (stating that a district court does not "accord deference to the magistrate court's ruling; instead, the district court makes an independent judgment based on the record before it" as to whether the magistrate court properly granted the motion); *cf. Piñon-Garcia*, 2013-NMSC-046, ¶ 12 ("Simply because municipal courts are not courts of record does not mean that the entire history of a case in municipal court is disregarded."). In fact, we recently held in *State v. Vanderdussen*, 2018-NMCA-041, 420 P.3d 609—albeit with little analysis on this point—that *Piñon-Garcia* applies when the State refiles charges following a mistrial in magistrate court, and we explained that that the district court "was bound by events that transpired in magistrate court and therefore was required to base its independent judgment on the limited record brought before it and the arguments made by counsel in district court." *Vanderdussen*, 2018-NMCA-041, ¶ 2. We conclude that the district court in this case should have reviewed the magistrate court's exclusion ruling in the same manner.

**{15}** Last, we note that both parties have made extensive arguments on appeal as to the correctness of the magistrate court's exclusion order. Given our conclusion that the district court erred in its review of Defendant's motion to exclude, we need not reach those arguments. Instead, we reverse the ruling of the district court and remand with an instruction that the district court determine if it would have excluded Officer Lunsford based on the events in the magistrate court or if it would consider alternatives to exclusion. As in *Piñon-Garcia*, the district court should balance the need to vindicate the authority of the magistrate court and the protection of the parties' rights under our rules and the United States and New Mexico Constitutions. *See* 2013-NMSC-046, ¶ 21.

**CONCLUSION**

**{16}** **For these reasons, we reverse and remand to the district court for proceedings consistent with this opinion.**

**{17}** **IT IS SO ORDERED.**

_____
**DANIEL J. GALLEGOS, Judge**

**WE CONCUR:**

_____
**J. MILES HANISEE, Judge**

_____
**EMIL J. KIEHNE, Judge**

6