The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: <u>January 6, 2022</u>

**No. A-1-CA-38468**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.

**FRANK A. LUCERO,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Dustin K. Hunter, District Judge**

Hector H. Balderas, Attorney General
Laurie Blevins, Assistant Attorney General
Santa Fe, NM

for Appellee

Frank A. Lucero
Roswell, NM

Pro Se Appellant

**OPINION**

**YOHALEM, Judge.**

{1}     Defendant Frank Lucero was charged with four misdemeanor traffic offenses in magistrate court. After a jury trial where Defendant was convicted on all counts, Defendant appealed to the district court for a trial de novo. Defendant was tried in the district court and again convicted on all counts.

{2}     Defendant claims, for the first time on appeal to this Court, that the magistrate court lost subject matter jurisdiction when it denied him access to the names and addresses of jurors and potential jurors before trial. We conclude that Defendant's claim does not implicate the subject matter jurisdiction of the magistrate court, and, therefore, may not be raised for the first time on appeal to this Court.

{3}     Defendant next seeks review of the district court's denial of his pretrial motions alleging reversible legal error by the magistrate court, and seeking remand to the magistrate court for a new trial. Defendant contends that the district court erred in reviewing the magistrate court proceedings under an abuse of discretion standard, rather than conducting an independent review on a reconstructed record as Defendant claims is required by our Supreme Court's decision in *City of Farmington v. Piñon-Garcia*, 2013-NMSC-046, 311 P. 3d 446. While we agree that *Piñon-Garcia* requires review of certain magistrate court orders by hearing de novo, we read *Piñon-Garcia* as limiting such review to orders of the magistrate court dismissing or refusing to dismiss the charges, or imposing or refusing to impose

sanctions, for violation of procedural protections or constitutional rights. *See id.* ¶¶ 2, 11, 13. Appellate review is otherwise by trial de novo. *See id.* ¶ 2. Defendant's pretrial motions, which claimed reversible legal error by the magistrate court and sought remand to the magistrate court for a new trial, do not fall within *Piñon-Garcia*'s limited exception, and the remedy sought by Defendant—remand for a new trial in the magistrate court—is not a remedy available to the district court in an appeal from magistrate court. Thus, Defendant's only method of appeal from the magistrate court rulings he challenges is by trial de novo in the district court, which he received. We affirm Defendant's convictions.

**BACKGROUND**

{4}     Defendant was charged in the Chaves County magistrate court with one misdemeanor traffic violation and three petty misdemeanor violations.[1] Defendant entered a plea of not guilty as to each charge and requested a jury trial.

{5}     Two days before trial, Defendant requested copies of jury questionnaires from the magistrate court clerk. The clerk informed Defendant that the magistrate court required a copying fee, totaling $38.50, for copies of the jury questionnaires. Defendant told the court clerk that he was indigent, and requested free copies. The

---

[1]Driving while license suspended, NMSA 1978, § 66-5-39 (2013, amended 2019); no seat belts, NMSA 1978, § 66-7-372(A) (2001); no proof of insurance, NMSA 1978, § 66-5-229 (C)-(E) (1998, amended 2019); no registration, NMSA 1978, § 66-3-1(A) (2013, amended 2018).

clerk informed Defendant that he would have to submit proof of indigency in order to qualify for free copies. Defendant has not alleged that he was denied an opportunity to review the questionnaires, only that he was denied free copies.

{6}    The day before jury selection and trial, Defendant filed a completed "verified application for free process (for indigency)" on a form provided by the magistrate court, along with a motion to continue, asking to postpone his trial. The next morning, with the jury panel already in the courtroom for jury selection, the magistrate court orally denied Defendant's motion to continue his trial. The case then proceeded to jury selection and trial. Defendant, who appeared pro se, was permitted to question the jury panel and participate in jury selection. Once the jury was selected, Defendant was tried and convicted on all four counts.

{7}    Defendant appealed his convictions to the Chaves County district court. Defendant then filed a pretrial motion in district court requesting appellate review of the magistrate court clerk's refusal to provide him free copies of the jury questionnaires and of the magistrate court's denial of his motion to continue his trial. Defendant also requested supplementation of the record on appeal in the district court with copies of the jury questionnaires. Defendant claimed that he was entitled to an independent review by the district court of the merits of the magistrate court's refusal to provide him free copies of jury questionnaires, and the ruling denying him a trial continuance. He claimed error by the magistrate court in violation of NMSA

1978, Section 38-5-11(C) (2005) (addressing procedures for review of jury questionnaires in the district court), as well as violation of his right to due process, and sought reversal of his convictions, and remand to the magistrate court for retrial.

{8}     The district court agreed to review Defendant's pretrial motion to determine if there was reversible error in the magistrate court. The district court conducted a detailed review of the magistrate court proceedings, and heard argument on the merits from both parties. With respect to the magistrate court clerk's refusal to provide free copies of the jury questionnaires, the district court concluded that, although Section 38-5-11(C) requires that jury questionnaires be "made available for inspection and copying by a party to a pending proceeding[,]" the magistrate court correctly construed the statute to allow a fee to be assessed for copying, and to allow the court to require compliance with its procedure for verifying indigency before providing free copies. With respect to the magistrate court's denial of Defendant's motion for a continuance of trial, the district court found that the magistrate court "was well within its discretion" to deny the motion for a continuance.

{9}     Having denied Defendant's pretrial motion, the district court held a de novo jury trial. Defendant was given free copies of the district court jury questionnaires prior to voir dire. Defendant was again convicted on all four counts.

{10}     On appeal to this Court, Defendant has not raised any claim of error in the de novo trial leading to his conviction in the district court. He challenges only the

district court's denial of his pretrial motions for reversal and remand to the magistrate court for retrial.

**DISCUSSION**

**I.      Defendant's Claim That He Was Tried by an Anonymous Jury in the Magistrate Court Does Not Implicate Subject Matter Jurisdiction, and, Therefore, May Not Be Raised For the First Time on Appeal**

{11}    We begin by addressing Defendant's claim, raised for the first time on appeal to this Court, that the magistrate court lost subject matter jurisdiction by proceeding to trial with an "anonymous" jury. We do not agree with Defendant's characterization of the jury as "anonymous." We understand Defendant's claim as simply a restatement of his claims that he was denied copies of the jury questionnaires containing the jurors names and addresses prior to jury selection, and was not able to supplement the record in the district court with the questionnaires because they had been destroyed pursuant to court rule prior to his request. The "question of whether a trial court has jurisdiction in a particular case is a question of law that we review de novo." *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300.

{12}    Defendant is correct that an attack on subject matter jurisdiction may be made at any time in the proceedings, even for the first time on appeal. *See State ex rel. Bevacqua-Young v. Steele*, 2017-NMCA-081, ¶ 6, 406 P.3d 547. Further, a lack of subject matter jurisdiction in the magistrate court would also remove jurisdiction

from the district court. *See State v. Lynch*, 1971-NMCA-049, ¶ 7, 82 N.M. 532, 484 P.2d 374. We thus review jurisdiction as a threshold question. *See Bevacqua-Young*, 2017-NMCA-081, ¶ 6 ("The question of jurisdiction is a controlling consideration that must be resolved before going further in a proceeding." (internal quotation marks and citation omitted)).

{13}  "Subject matter jurisdiction is the power to adjudicate the general questions involved in the claim." *Williams v. Rio Rancho Pub. Schs.*, 2008-NMCA-150, ¶ 10, 145 N.M. 214, 195 P.3d 879 (internal quotation marks and citation omitted). Jurisdiction is controlled by the Constitution and the Legislature. *See State v. Smallwood*, 2007-NMSC-005, ¶ 6, 141 N.M. 178, 152 P.3d 821 (stating that "our Constitution or Legislature must vest us with . . . jurisdiction").

{14}  The source of a magistrate court's jurisdiction is Article VI, Section 26 of the New Mexico Constitution, and the statutes implementing that section. Article VI, Section 26 provides, in relevant part: "The [L]egislature shall establish a magistrate court to exercise limited original jurisdiction as may be provided by law." The Legislature has provided by statute that "[m]agistrates have jurisdiction in all cases of misdemeanors and petty misdemeanors[.]" NMSA 1978, § 35-3-4(A) (1985).

{15}  Because the motor vehicle offenses with which Defendant was charged are misdemeanors and petty misdemeanors, the magistrate court had subject matter jurisdiction. *See id.* A violation of a constitutional or statutory right in the

proceedings before a court usually does not deprive that court of jurisdiction. Instead, generally speaking, "[t]he only relevant inquiry in determining whether the court has subject matter jurisdiction is to ask whether the matter before the court falls within the general scope of authority conferred upon such court by the constitution or statute." *State v. Chavarria*, 2009-NMSC-020, ¶ 11, 146 N.M. 251, 208 P.3d 896 (alteration, internal quotation marks, and citation omitted). Defendant has not identified any constitutional provision or statute granting the magistrate court jurisdiction that was violated, ignored, or exceeded by that court. Defendant's claim of procedural violations does not implicate the magistrate court's subject matter jurisdiction. Because Defendant's claim does not implicate subject matter jurisdiction, it may not be raised for the first time on appeal, and we do not consider it further.

## II. With the Limited Exception Identified by Our Supreme Court in *Piñon-Garcia*, the District Court's Appellate Review of Defendant's Claims of Error in the Proceedings in Magistrate Court Is by Trial De Novo

{16} We turn next to Defendant's appeal from the district court's denial of his pretrial motions.[2] Defendant filed pretrial motions in the district court claiming error by the magistrate court in failing to provide him free copies of jury questionnaires and in denying his motion for a continuance of trial to allow him more time to obtain

---

[2]This discussion focuses on Issues 2 and 3 in Defendant's brief.

and review those questionnaires. For these errors, Defendant sought remand to the magistrate court for a new trial.

{17}    The parties disagree about whether the district court should have reviewed Defendant's claims that the magistrate court erred and, if so, the nature of that review and the nature of the remedy, if error was identified. For the reasons that follow, we conclude that Defendant was not entitled to review by hearing de novo in the district court of his claims that the magistrate court committed reversible legal error; appellate review was limited to a trial de novo, which he received.[3] We affirm the district court on this basis. *See, e.g.*, *State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828 (holding that the appellate court will affirm the district court's decision if it is right for any reason, so long as it is not unfair to the appellant).

{18}    "The right to appeal is . . . a matter of substantive law created by constitutional or statutory provision." *State v. Armijo*, 2016-NMSC-021, ¶ 19, 375 P.3d 415. We review de novo the interpretation of constitutional and statutory provisions. *Id.* "The proper interpretation of our [Supreme Court's] Rules of Criminal Procedure is a question of law that we review de novo[,]" as well. *Allen v. LeMaster*, 2012-NMSC-001, ¶ 11, 267 P.3d 806.

---

[3]We do not consider whether Defendant could have sought review of the claims of error he contends the magistrate court committed via extraordinary writ. *See State v. Foster*, 2003-NMCA-099, ¶ 10, 134 N.M. 224, 75 P.3d 824 (providing one possible course of redress for an aggrieved defendant is by petition for an extraordinary writ).

{19}     With few exceptions, appeals from a magistrate court to the district court are by trial de novo. *See, e.g.*, *Piñon-Garcia*, 2013-NMSC-046, ¶ 9 ("In a de novo appeal, the general rule is that a district court conducts a new trial as if the trial in the lower court had not occurred."). Article VI, Section 27 (1966), the constitutional provision in effect at the time this case was brought,[4] granted district courts exclusive jurisdiction on appeal from decisions of inferior courts, including from magistrate courts. Article VI, Section 27 provided that "in all such appeals, trial shall be had de novo unless otherwise provided by law." The statutory provisions enacted by the Legislature adopted the jurisdictional requirements of Article VI, Section 27. *See* NMSA 1978, § 35-13-2(A) (1996) (providing that "[a]ppeals from the magistrate courts shall be tried de novo in the district court"). NMSA 1978, Section 39-3-1 (1955) provides that magistrate court proceedings, and other inferior court proceedings not of record, "shall be tried anew in said courts on their merits, as if no trial had been had below." Rule 5-826(J) NMRA provides that "[t]rials upon appeals from the magistrate . . . court to the district court shall be de novo." These constitutional, statutory, and rule provisions were in effect when this case was filed.[5]

---

[4]References to N.M. Const. art. VI § 27 in this opinion are to the 2016 version applying the 1966 amendment (prior to the 2018 amendment), unless otherwise noted.

[5]Article VI, Section 27, was amended by the voters in 2018 to remove from the Constitution both the requirements that appeals from inferior courts always be taken to the district court and that the appeal always be de novo. The amendments

{20} Although recognizing that "[i]n a de novo appeal, the general rule is that a district court conducts a new trial as if the trial in the lower court had not occurred[,]" *Piñon-Garcia*, 2013-NMSC-046, ¶ 9, our Supreme Court, in *Piñon-Garcia*, construed Article VI, Section 27 of the New Mexico Constitution along with the statutes and rules implementing that constitutional provision, to require district courts to consider and decide pretrial motions seeking appellate review of a decision of an inferior court not of record in certain circumstances. The defendant in *Piñon-Garcia* claimed that the municipal court (in a proceeding not of record) had correctly dismissed his criminal complaint as a sanction for the failure of the city's key witness to appear for trial. *Id.* ¶ 5. The defendant sought review by pretrial motion in the district court, claiming that there had been no abuse of discretion by the municipal court in dismissing the criminal complaint and that the dismissal should be honored by the district court. *Id.* ¶¶ 3, 5, 6. The city contended that the only review available on appeal was a trial de novo and that it was entitled to try the defendant again without regard to the dismissal in municipal court. *Id.* ¶ 7. The district court agreed with the city, rejecting the defendant's motion to dismiss. *Id.* ¶ 3. The city's witness appeared and testified at trial in the district court, and the defendant was convicted. *Id.* ¶ 6.

---

give the Legislature flexibility to modify these requirements by statute. There has been no change in the statutes and rules governing appeals from magistrate courts, and, therefore, no change in the relevant jurisdictional requirements.

{21}     Our Supreme Court reversed, concluding that the district court must review, by hearing de novo, the defendant's pretrial motion seeking affirmance of the municipal court's dismissal. *Id.* ¶¶ 1, 12. Such review, the Court discussed, was essential to protect the inferior courts' authority to grant relief "when constitutional safeguards and procedural rules, such as speedy trial, double jeopardy, or discovery rules, are violated." *Id.* ¶ 2. *Piñon-Garcia* construes the voters' purpose in adopting Article VI, Section 27 as both to provide for a new trial on appeal when inferior court proceedings are not conducted on the record, and also to "give true meaning to the power vested in [inferior] courts to enforce our procedural rules and the protections of the United States and New Mexico Constitutions." *Piñon-Garcia*, 2013-NMSC-046, ¶ 13. Our Supreme Court observed that if the government is "guaranteed a new trial on appeal, regardless of its violation of procedural rules or violations of the United States or New Mexico Constitutions," the orders of an inferior court enforcing those rules would be meaningless. *Id.* The Court held that reading the requirement for a trial de novo in the district court to allow the government to ignore the orders of an inferior court with impunity is an absurd interpretation of the intent of the voters and the Legislature. *Id.* Where the inferior court penalizes the government for speedy trial violations, discovery violations, or double jeopardy violations with dismissal of the charges, the government is not entitled to a trial de novo if the inferior court's dismissal is well-founded.

{22}     We read *Piñon-Garcia*'s exception to the general rule of trial de novo—permitting instead appellate review by hearing de novo—as limited to those pretrial motions seeking review of orders of the magistrate court dismissing or refusing to dismiss the charges, or imposing or refusing to impose sanctions, for violation of procedural protections or constitutional rights.[6] *See id.* ¶¶ 2, 11, 13. Extensive New Mexico precedent, including cases decided by this Court prior to *Piñon-Garcia*, and cited with approval in *Piñon-Garcia*, and cases decided since *Piñon-Garcia*, uniformly require the district court to consider and decide pretrial motions by de novo review, which require the district court to determine whether the inferior court properly dismissed the charges or properly excluded evidence as a sanction. *See, e.g.*, *State v. Sharp*, 2012-NMCA-042, 276 P.3d 969 (reviewing the magistrate court's dismissal for the state's violation of the six-month rule); *State v. Gallegos*, 2007-NMCA-112, 142 N.M. 447, 166 P.3d 1101 (reviewing the validity of the defendant's no contest plea in magistrate court, to determine if the appeal should be dismissed); *State v. Foster*, 2003-NMCA-099, 134 N.M. 224, 75 P.3d 824

---

[6]There, of course, is another category of pretrial motions that are subject to review by hearing de novo in the district court—i.e., rulings by inferior courts suppressing evidence for search and seizure violations. *See State v. Heinsen*, 2005-NMSC-035, 138 N.M. 441, 121 P.3d 1040 (allowing the state to dismiss the complaint in magistrate court and refile in district court to obtain review of a magistrate court ruling suppressing evidence). Defendant, in this case, does not raise any claims related to a ruling suppressing evidence by the magistrate court. We, therefore, do not consider this exception to the general rule of trial de novo further in this opinion.

(reviewing the defendant's claim that his trial in the magistrate court violated double jeopardy, requiring dismissal of the charges); *State v. Hicks*, 1986-NMCA-129, 105 N.M. 286, 731 P.2d 982 (reviewing the magistrate court's decision that the state's late filing of the criminal complaint was not jurisdictional error, requiring dismissal of the charges); *State v. Baca*, 2015-NMSC-021, 352 P.3d 1151 (reviewing whether the defendant had been acquitted in the magistrate court, requiring dismissal of the charges, and precluding a trial de novo in the district court); *State v. Vanderdussen*, 2018 NMCA-041, 420 P.3d 609 (reviewing a magistrate court's declaration of a mistrial to determine if a trial de novo was barred on double jeopardy grounds); *State v. Verrett*, 2019-NMCA-010, 458 P.3d 529 (reviewing a magistrate court's order excluding evidence as a sanction against the state for a discovery violation). In all but one of these cases, the pretrial motion determined whether the case would be dismissed, without a trial de novo. In *Verrett*, the pretrial motion determined whether evidence would be excluded in the trial de novo. *Id.* ¶ 3.

{23}     In contrast, Defendant's pretrial motion sought review of what Defendant claimed was reversible legal error in the magistrate court. Defendant sought remand to the magistrate court for a new trial, the remedy available in traditional on the record appeals where reversible legal error is identified by the appellate court. *See Foster*, 2003-NMCA-099, ¶ 9 (providing that when "the district court acts as a typical appellate court[,]" the court "review[s] the record of the lower court's trial

for legal error"); *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988) (providing that retrial is permitted after a conviction has been set aside on direct appeal for a defect constituting reversible error).

{24}     Defendant did not allege that any violation of his constitutional rights by the State required dismissal of the charges against him or that sanctions imposed by the magistrate court should apply in his trial de novo. Defendant sought remand for a new trial in the magistrate court (and continues to seek that remedy on appeal to this Court), but fails to point to any authority permitting this type of review and remedy in this context. *See, e.g.*, *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Nor are we aware of any.

{25}     Indeed, there is authority prohibiting such a remand. *See State v. Begay*, 2010-NMCA-089, ¶ 14, 148 N.M. 685, 241 P.3d 1125 (holding that when a defendant is entitled to a de novo hearing in district court "then the order remanding for a new hearing [in magistrate court] is in error"). Although there are rules of procedure that allow transfer of cases between district court and magistrate court, the circumstances when this is allowed are strictly limited. *See State v. Ahasteen*, 1998-NMCA-158, ¶ 16, 126 N.M. 238, 968 P.2d 328 ("Transfers of jurisdiction from one court to another . . . are provided for by the rules of criminal procedure for each court."), *abrogated on other grounds by State v. Savedra*, 2010-NMSC-025, 148 N.M. 301,

236 P.3d 20. For example, the district court can remand to the magistrate court for a finding of probable cause to prosecute, *see* Rule 5-302(E) NMRA, or remand to enforce or vacate a judgment following the completion of an appeal by trial de novo in the district court, *see* Rule 5-826(L). Transfer from magistrate court to district court is permitted for the district court to make a competency determination. *See* Rule 6-507.1(G) NMRA. After such determination, the district court then remands back to the magistrate court. *See* Rule 6-507.1(H). No rule, however, permits the district court to remand or otherwise transfer jurisdiction back to the magistrate court for a retrial. Further, as this Court has previously explained, a defendant "has no right to be tried in magistrate court rather than in district court" and a district court's remand to a magistrate court for trial amounted to "refusing to exercise jurisdiction." *Ahasteen*, 1998-NMCA-158, ¶¶ 27, 29.

{26}     The district court's review in an appeal from the magistrate court is not for legal error, *see Foster*, 2003-NMCA-099, ¶ 9; instead, as our Supreme Court recently stated, "[A]n appeal to the district court begins the trial process anew[.]" *State v. Cruz*, 2021-NMSC-015, ¶ 48, 486 P.3d 1. We, therefore, conclude that Defendant's pretrial motion, seeking review of legal errors committed by the magistrate court and remand for a new trial in magistrate court, can only be remedied by a trial de novo in the district court.

**CONCLUSION**

{27}   For the foregoing reasons, Defendant's claims of error relating to the district court's review of the magistrate court rulings are without merit. Further, because Defendant has raised no claim of error relating to his district court trial de novo, we affirm his convictions.

{28}   **IT IS SO ORDERED.**

_____
**JANE B. YOHALEM, Judge**

**WE CONCUR:**

_____
**JENNIFER L. ATTREP, Judge**

_____
**SHAMMARA H. HENDERSON, Judge**