This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41500**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**JOSHUA CADMAN a/k/a JOSHUA EUGENE CADMAN,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**R. David Pederson, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court

assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we affirm for the following reasons.

**{2}**    The State appeals the district court's order excluding evidence and remanding to the magistrate court for dismissal. [RP 84-85] The State first argues that the district court erred "in failing to conduct a full de novo evidentiary hearing of the issues of initial reasonable suspicion . . . and probable cause . . . as raised by Defendant's motion to suppress evidence." [BIC 1] The State further challenges the district court's dismissal of the magistrate case following its decision on the suppression motion. [BIC 19] Initially we note that the State does not appear to substantively challenge the district court's determination on the merits of the motion, but rather focuses on the procedure by which the district court reached its decision.

**{3}**    This matter came before the district court after the State sought review of the magistrate court's suppression order, pursuant to *State v. Heinsen*, 2005-NMSC-035, ¶ 1, 138 N.M. 441, 121 P.3d 1040 (permitting the state to seek review of a nonfinal magistrate court pretrial order by filing a nolle prosequi in the magistrate court and refiling the criminal charges in district court). [BIC 9, AB 5]

**{4}**    Review of a magistrate court's order "suppressing evidence for search and seizure violations" is conducted through a "hearing de novo in the district court." *State v. Lucero*, 2022-NMCA-020, ¶ 22 n.6, 508 P.3d 917 (*citing Heinsen*, 2005-NMSC-035). In conducting a hearing de novo, the district court "ma[kes] an independent determination regarding the validity of the municipal court's order . . . based on the record on appeal and the arguments of counsel at the district court level." *City of Farmington v. Piñon-Garcia*, 2013-NMSC-046, ¶ 21, 311 P.3d 446. "[T]he record on appeal consists of, among other things, copies of all papers or pleadings filed in the municipal court, copies of the judgment or final order to be reviewed, and any exhibits filed in the proceedings." *Id.* ¶ 12; *see* Rule 5-826(F) NMRA. We note that this record on appeal may also include a "record of the testimony in the municipal court proceeding" "with the prior approval of the municipal judge" and at the parties' own expense. *Piñon-Garcia*, 2013-NMSC-046, ¶ 12.

**{5}**    Upon review of the district court's order and related hearings, we conclude that the district court properly conducted its review of the State's *Heinsen* appeal. The district court first reviewed the magistrate court record on appeal—Defendant's motion to suppress, the State's initial and supplement responses, and the magistrate court's order—as well as the arguments made by the parties in their respective district court pleadings and at the hearings. [RP 18-47, 61-68, 73-76, 77-82] The district court correctly noted repeatedly at the hearings and in its written order that it was required to conduct its review within these parameters. [RP 83; BIC 13, 17; AB 8] Upon review of the available record from magistrate court and the arguments of the parties before it, the district court then made an "independent determination regarding the validity of the municipal court's order." *See id.* ¶ 21. [RP 83; BIC 13-14, 17; AB 8]

**{6}** Contrary to the State's argument on appeal, the district court would have been unable to conduct an evidentiary hearing on Defendant's motion given its standard of review. *Compare State v. Verret*, 2019-NMCA-010, ¶ 14, 458 P.3d 529 (explaining that "the district court [is] bound by events that transpired in magistrate court and therefore [is] required to base its independent judgment on the limited record brought before it and the arguments made by counsel in district court" in reviewing a nonfinal pretrial order pursuant to a *Heinsen* appeal (internal quotation marks and citation omitted)), *with Piñon-Garcia*, 2013-NMSC-046, ¶ 9 (explaining that, "[t]he final judgments and decisions of a municipal court may be appealed to the district court for a trial de novo" where "a district court conducts a new trial as if the trial in the lower court had not occurred").

**{7}** To the extent the State argues that the district court incorrectly interpreted Rule 6-304(F)(3) NMRA and denied it an evidentiary hearing as a sanction [BIC 19], we find no support in the record for this characterization. Neither the magistrate court nor the district court indicated that it was imposing a sanction on the State for its briefing strategy. [RP 24-25, 83-84] We note that the State's initial response filed in magistrate court requested the magistrate court to "deny Defendant's motion *without a hearing*" [RP 37], while the State's response filed in district court simply requested that the district court "[deny] Defendant's above-titled motion" with no reference to a hearing. [RP 63] We also note that, even when a magistrate court holds an evidentiary hearing, the availability of any resulting transcript for review by the district court is not mandatory. *See Piñon-Garcia*, 2013-NMSC-046, ¶ 12 (noting that the record on appeal may also include a "record of the testimony in the municipal court proceeding" only "with the prior approval of the municipal judge" and at the parties' own expense). Thus, we find no error in the district court's review of the magistrate court's order despite the lack of an evidentiary hearing before the magistrate court.

**{8}** Lastly, the State contends that the district court erred in remanding to dismiss the magistrate court case following its determination on the merits of the suppression motion. [BIC 19] We note that the magistrate court case was dismissed by the filing of the nolle prosequi by the State prior to the initiation of the district court proceedings. [BIC 8-9; AB 5] Thus, the district court's remand for dismissal was not necessary, but does not amount to reversible error under these circumstances. *See State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error.").

**{9}** For these reasons, we affirm the district court's order.

**{10} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**